## A. F. Hollister to use of A. G. Egbert and George R. Sheasly *v.* Robert Vanderlin, Appellant.

*Sheriff's sale—Advertisement—Act of June 16, 1836, § 63.*

Under the act of June 16, 1836, § 63, P. L. 772, which requires that a sheriff's sale shall be advertised "once a week during three successive weeks," an advertisement in each of three successive weeks is sufficient, although the advertisements may not have been all on the same day of the week, and there may not have been twenty-one full days between the first day and the day of the sale.

*Sheriff's sale—Re-advertisement—Discretion of court.*

A sheriff's sale was first advertised for August 19, but subsequently for August 28. The advertisements for August 28 were complete and regular, and the sale was regularly adjourned on that date. It did not appear that intending bidders were misled by the conflict of dates. *Held*, that the Supreme Court would not interfere with the exercise of the discretion of the lower court in refusing to set aside the sale.

*Sheriff's sale—Inadequacy of price.*

Mere inadequacy of price, without more, is not sufficient ground to set aside a sheriff's sale.

*Sheriff's sale—Application to set aside—Offer to increase bid—Receipting on account of judgment—Practice, C. P.*

Where a judgment creditor, having the first lien, bids in the property at sheriff's sale, and receipts to the sheriff for the amount of his bid, and subsequently, on a rule to set aside the sale, another party offers to increase the bid, the court may permit the purchasers to give an additional credit on their judgment, equivalent to the advance, and then discharge the rule to set aside the sale.

Argued Oct. 15, 1894.  Appeal, No. 37, Oct. T., 1893, by defendant, from order of C. P. Butler Co., Sept. T., 1893, No. 92, dismissing exceptions to confirmation of sheriff's sale. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Exceptions to the confirmation of a sheriff's sale.  Before GREER, P. J.

From the record it appeared that, on Sept. 5, 1893, 540 acres of land were sold at sheriff's sale as the property of Robert Vanderlin, and bought in for $8,000 by plaintiffs, who held the first lien against the premises.

Defendant filed, among others, the following exceptions to the confirmation of the sale:

"1. He protests against the acknowledgment of said deed for the reason that the sale was not properly advertised and was misleading, the land being advertised to be sold on Aug. 19, 1893, and at the same time advertised to be sold on Aug. 28, 1893, neither of which sales was at the regular term.  On Aug. 19 the sale was stayed until 2 o'clock of Sept. 5, 1893, by the court, and then on that day until four o'clock of said day, at which time the sale was made, after the great majority of the people in attendance on the sheriff sales had gone home, and the plaintiffs in the writs had the bidding all their own way.  The public did not know of the orders of court staying said sale.  They look in the usual places, the public newspapers and in the printed handbills which the law requires. Had there been such notices at the regular term a much higher price would have been bidden, as exceptant verily believes.

"2. The land having been advertised to be sold subject to two mineral mining grants belonging to the plaintiffs in the writs, had the effect of keeping or deterring bidders from bid-

ding on the land; and all for the purpose, as exceptant believes, to keep away bidders."

" 6. Deponent, as a further reason against the confirmation, of the sale, files the following bid of nine thousand dollars ($9,000). Said bid is made jointly by John and Eli Vanderlin, they owning in fee simple over six hundred acres of land in said county, unincumbered, valued at a low estimate of $10,000, the same being bona fide."

At the hearing the plaintiffs offered to increase their bid to $10,000 by allowing an additional credit of $2,000 on their liens, which were prior to all others. Eli and John Vanderlin then offered to increase their prior bid to $11,000.

The sheriff's sale was advertised for Aug. 28, 1893, in newspapers issued Aug. 11, 18, and 25, 1893.

The court dismissed the exceptions and confirmed the sale, and took the acknowledgment of the sheriff's deed, in an opinion by GREER, P. J.

*Errors assigned* were dismissal of above exceptions and above order, quoting them; and permitting an auction.

*John M. Thompson, Lev. McQuistion* and *J. C. Vanderlin* with him, for appellant.—The act of June 16, 1836, requires that " the officer shall give notice of every such sale by advertising, etc., in at least two newspapers once a week during three successive weeks previous to such sale." Three weeks would be twenty-one days: Wallace's Est., 2 Pitts. R. 145 ; Williams v. Moore, 1 T. & H. Pr., 5th ed. 125 ; Savings Fund v. Thompson, 13 Phila. 511 ; Barclay v. Robb, 5 Pa. C. C. R. 646 ; Good v. Maule, 6 Kulp, 89 ; Smith v. Fishing Co., 1 Del. Co. R. 127 ; Bank v. Frost, 3 Dist. R. 601; Parsons v. Lanning, 27 N. J. Eq. 70; Francis v. Norris, 2 Miles, 150; Early v. Rogers, 16 How. 609; North Whitehall Twp., 47 Pa. 160 ; Jane v. Storm, 6 Kulp, 74.

A sheriff's sale of real estate at any other time than that known as the regular sales days ought not to be encouraged. Sales at other times may not give notice to all parties.

Inadequacy is ground to set aside a sale, when coupled with any irregularity or unfairness in the conduct of the sale and accompanied with a substantial bid in advance of the purchase price : Germer v. Ensign, 155 Pa. 464.

*J. H. Osmer* and *S. F. Bowser, A. L. Bowser, C. Heydrick* and *Carl I. Heydrick* with them, for appellees.—A bond should have accompanied the offer to raise the bid: Bowers's Ap., 84 Pa. 311; 1 Rhone's O. C. Pr., p. 618.

Property lawfully exposed to public sale must take its chances: Swires v. Brotherline, 41 Pa. 135.

A sheriff's sale will not be set aside for mere inadequacy of price: Cooper v. Wilson, 96 Pa. 409; Young's Ap., 2 P. & W. 380.

The advertisement was sufficient: Williams v. Moore, 1 T. & H. Pr., 5th ed. 1250; North Whitehall Twp., 47 Pa. 156.

Review of the action of the lower courts in taking the acknowledgment of a sheriff's deed, or setting aside a sheriff's sale, has not heretofore been favored by this court: Sloan's Case, 8 Watts, 194; Crawford v. Boyer, 14 Pa. 380; Hoffa's Ap., 82 Pa. 297; Germer v. Ensign, 155 Pa. 464; Ritter v. Getz, 161 Pa. 648; Jackson v. Morter, 82 Pa. 291.

Appellant's other contention has already been decided: Porter v. Vanderlin, 158 Pa. 146. See also Vanderlin v. Hovis, 152 Pa. 11, and Hollister's Ap., 146 Pa. 138.

OPINION BY MR. JUSTICE MITCHELL, Jan. 7, 1895:

The objection to the sheriff's sale that it was not of the defendant's interest in the land, but of the land, "subject to two mineral mining estates" owned by the use plaintiffs, has been disposed of by the decision in Porter v. Vanderlin, 158 Pa 146.

The further objection is made to the advertisement of the sale that it was not made three full weeks before the day fixed for the sale. The language of the act of June 16, 1836, sect. 63, P. L. 772, is that the officer making the sale shall give notice by advertisement "once a week during three successive weeks." Does this require that the first notice shall be three full weeks, or twenty-one days, before the day of sale? It does not appear that this point has ever been expressly decided by this court, and the decisions of the courts of common pleas are not uniform upon it. The general practice however has been against such requirement, and to regard the statute as referring to calendar weeks, or specified periods of time, and an advertisement in each of three successive periods of the kind, although the advertisements may not have been all on the same

day of the week, and there may not have been twenty-one full days between the first and the date of the sale. This is the rule laid down in the books of practice, 1 Troubat & Haly, sect. 1250, and has been recognized by this court inferentially at least in Re North Whitehall Township, 47 Pa. 156, where a notice directed to be given " three weeks before the time of meeting " was held to mean twenty-one full days, and was expressly distinguished by Strong, J., from a notice " during three successive weeks," or one for " a given number of insertions in successive weeks." Many hundreds of titles have been made under this view of the law, and it would require a very clear case of error to justify us in throwing a doubt upon them by a contrary construction. No such showing has been made. This objection cannot be sustained.

The remaining exceptions by the appellant are to matters of discretion in the court below. The sale was at first advertised for August 19 but subsequently for August 28. As the advertisements for the 28th were complete and regular and the sale was regularly adjourned from that date there was no legal right of appellant violated. If intending bidders were in fact misled by conflict of dates presumably it could have been shown. What the mistake was which induced the re-advertisement does not appear, but the whole matter was before the court below, and there is nothing to show that its discretionary power was not rightfully exercised. The proceedings being regular appellant's application to set aside the sale was left to depend on inadequacy of price, and this has been uniformly held not to be of itself sufficient. The application might therefore have been dismissed without more, and the sale confirmed at the price bidden thereat. Appellant would have had no ground of complaint, and he is certainly no worse off because the court accepted the offer of the purchasers to give an additional credit on their judgment. The circumstances were peculiar. The beneficial plaintiffs had a judgment which was the first lien, larger than any bid made at any time for the property. They purchased at the sale, receipting to the sheriff for the amount of their bid. There were no proceeds of the sale to go to any one else. When, in order to put an end to the contention, or possibly to satisfy any doubt in the mind of the judge arising from the offer of one thousand dollars advance by the Vander-

lins, the purchasers offered to give an additional credit on their judgment, and the court accepted the offer, the appellant was just that much better off by the reduction of his debt, and no one else was injured.   There was no feature of auction by the court about the transaction.   Auction on the contrary would have been started had the court then entertained the new bid from the Vanderlins.   This he properly refused to do.   All that he did was to accord the appellant a benefit ex gratia, of which he has no reason to complain.

Judgment affirmed.