John C. McKee, to use of Sadie M. Boyd, and H. F. Seanor, Sheriff, *v.* William S. Kerr, Appellant.

*Sheriff's sales—Setting aside—Inadequacy of price—Discretion of court.*
On an appeal from an order discharging a rule to set aside a sheriff's sale, the Supreme Court will not consider statements respecting the value of the property sold without clear proof of a flagrant abuse of the discretion which the court below has in case of alleged inadequacy of price.

*Sheriff's sale—Advertisement—Publication in newspapers.*
Under the Act of June 16, 1836, P. L. 772, sec. 63, relating to the advertisement of sheriff's sales, an advertisement in each of three successive weeks is sufficient, although the advertisement may not always have been published on the same day of the week, and there may not have been twenty-one full days between the first publication and the day of the sale.

Argued Oct. 25, 1898. Appeal, No. 159, Oct. T., 1898, by plaintiff, from order of C. P. Westmoreland Co., Aug. T., 1897, No. 77, discharging rule to set aside sheriff's sale of real estate. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule to set aside sheriff's sale of real estate.

The petition to set aside the sale after referring to the date of the sale, and describing the property, proceeded as follows :

2. Your petitioner is the defendant in the above writ and was the owner of the above described real estate at the time of the sale by the sheriff; the said real estate is worth in the market the sum of $10,000; the said H. F. Seanor, high sheriff, did not advertise the said real estate according to law, in that he

did not post upon the premises a handbill containing the notice of the same and the description of the property, ten days before the day of sale, on May 14, 1898, but the said H. F. Seanor, high sheriff, with malicious intent and with the intent to injure the property of your petitioner, did wilfully and maliciously paste and post up nine handbills advertising the said property in a solid sheet, one against the other, upon one part of the barn, and at another place posted five similar handbills, one against the other. Also, at divers other places said sheriff did post and paste five other bills, one against the other, and at another place he pasted and posted five. other bills in the same manner. The said sheriff, in a like manner, pasted and posted in about eight different places some fifty-six handbills.

3. Your petitioner further represents that the said posting of the handbills was not according to law; that the same was done maliciously, with the intention of injuring your petitioner; that said advertising of handbills was highly improper and intended to deceive the public, as it was more after the nature of bill-board advertising of a fire sale of clothing than of the nature of an advertisement for the sale of real estate; that the said advertising was viewed, read and understood by the public to have been done by some malicious person to injure the defendant and his property, and not posted to advertise a sale of real estate; that said sheriff did not read the description of the said property at time of offering same for sale, as required by law.

4. The said H. F. Seanor, high sheriff, did not advertise the said real estate according to law, in that he did not advertise the said real estate in two newspapers printed in the said county, once a week during three successive weeks, previously to said sale, on May 14, 1898.

5. The said H. F. Seanor, high sheriff, utterly failed and neglected to advertise said real estate according to law, and by reason of the said failure of the sheriff to properly advertise according to law, said real estate was sold to Sadie M. Boyd at a price greatly below its value. By reason of a failure of the said sheriff to properly and legally advertise the said real estate, your petitioner has suffered great loss and damages.

The answer of the sheriff was in part as follows:

2. Your respondent is informed and believes that the defendant was the owner of the real estate described in the petition,

but whether or not the same is worth the sum of $10,000 or any sum nearly approximating that, your affiant is not informed. Your affiant does know that the said real estate sold for the sum of $3,000 after being duly and legally advertised at a fair, open public sheriff's sale. There is no offer to bid more than the sum of $3,000 nor is there a bond accompanying the petition to bid more than the sum of $3,000.

3. True it is that your respondent by his deputy did on the day of April, 1898, more than ten clear days before said sale, post up printed handbills in numerous places along the public highway, and at other places, as well as on the premises, being careful to fully and completely advertise the same, and at the request of the defendant, your respondent gave to him quite a number of said handbills, all that he demanded, more than ten clear days before said sale ; your affiant having in mind the former application to set aside a previous sale made by your respondent, which application prevailed, upon the ground of insufficient notice by handbills.

4. In answer to the third paragraph of the petition, your respondent says that the posting of said handbills was not done maliciously nor by a malicious person, and said advertising was not done to injure the property of defendant, but to sufficiently advertise the same according to the request and complaint of defendant.

5. It is not true that the advertisement was not read by the sheriff at the sale. Printed handbills were by your affiant or his deputy put in the hands of all parties, bidders and buyers, in attendance upon the sale on May 14, 1898, and attention called to the same by your respondent, as all other sales were conducted.

6. In answer to the fourth paragraph of the petition, your respondent says that the said real estate was advertised in two newspapers for three successive weeks before the sale, and in fact in five newspapers, to wit: In The Daily Tribune, Tribune-Herald, Evening Press, Greensburg Press and The Westmoreland Democrat, the latter at the request of the defendant. The dates at which said several advertisements appeared in the said papers will fully appear by the affidavits of publication hereto attached and made part hereof.

7. In answer to the fifth paragraph your respondent says, that

the said real estate of defendant was fully, amply and legally advertised by your affiant, and more fully and completely advertised than is required by law, and that no damage or injury inured to or was suffered by the defendant.

The court discharged the rule to set aside the sale.

*Error assigned* was the order of the court.

*George S. Rumbaugh,* for appellant.—The acts of June 16, 1836, and March 27, 1824, requiring sheriff's sales to be advertised once a week during three successive weeks previous to the sale, means three full weeks or twenty-one days: Barclay v. Robb, 5 Pa. C. C. R. 646; Good v. Maule, 8 Pa. C. C. R. 624; McGonigle v. Johnson, 8 Pa. C. C. R. 653; Erie Saving Fund v. Thompson, 13 Phila. 511; Wallace's Est., 7 P. L. J. 401; Francis v. Norris, 2 Miles, 151; Smith v. Tinicum Fishing Co., 1 Del. Co. 127; Gibbons v. Williams, 10 Pa. C. C. R. 299; Athens Nat. Bank v. Frost, 3 Dist. Rep. 601; North Whitehall Twp., 47 Pa. 156.

Where there has been irregularities in the advertising and in the conduct of the sale the court will consider inadequacy of price as the controlling element which governs its decision in an application to set aside the sale. No bond is required in this case as the price is clearly inadequate. A bond is only demanded when there is doubt as to the price being inadequate: Whitaker v. Birkey, 2 W. N. C. 476; Twells v. Conrad, 2 W. N. C. 30; Ritter v. Getz, 161 Pa. 648; Appeal of W. M. Laird, 2 Pa. Superior Ct. 301; Jackson v. Morter, 82 Pa. 291; Connelly v. City of Philadelphia, 86 Pa. 110.

The fact that the sheriff did not read the description of the property sold is a sufficient cause for setting aside the sale. The sheriff denies this allegation, but in the same paragraph he admits that he only called attention to the printed handbills: Garrett v. Shaw, Brightly's Digest, 3776; Hanscom v. Henderson, 1 Phila. 576; Sergeant v. Goslin, 1 Phila. 301.

*George H. Hugus* and *John F. Wentling,* with them *D. A. Miller* and *Joseph R. McQuaid,* for appellee.

OPINION BY MR. JUSTICE McCOLLUM, July 19, 1899:

This is an appeal from the refusal of the court of common

pleas of Westmoreland county to set aside a sheriff's sale of real estate. It is alleged in support of the appeal that the sale was not lawfully advertised; that the real estate sold for $3,000 was worth $10,000, and that the sheriff's conduct in posting the handbills and in the management of the sale was prejudicial to the interest of the defendant, and "malicious, improper and illegal." There is no evidence in the case sustaining the accusations against the sheriff, or the statement that the real estate sold is worth $10,000. The only support they have is in the defendant's petition to set aside the sale and in his reply to the sheriff's answer thereto. It is not necessary therefore to devote any time to the discussion of these matters. The accusations are sufficiently met and discredited by the sheriff's answer to the petition, and the statement respecting the value of the property can have no consideration on appeal without clear proof of a flagrant abuse of the discretion the court below has in case of alleged inadequacy of price. The real estate in question was advertised to be, and was, sold by the sheriff on the 14th of May, 1898. It was advertised in the Tribune-Herald on the 27th of April, and on the 4th and 11th of May, and in the Greensburg Press on the 26th of April and the 4th and 10th of May preceding the sale. It was also advertised, on defendant's request, in the Westmoreland Democrat on the 4th and 10th of May. These were weekly newspapers published in Westmoreland county. The property was also advertised by the sheriff in the Greensburg Daily Tribune on the 20th and 27th of April and the 4th and 11th of May, and in the Greensburg Daily Press on the 20th and 27th of April and the 4th and 11th of May. These were daily newspapers published in said county, and having a larger circulation therein than either of the weekly papers mentioned above. It will be seen from the foregoing statement that there were twenty-three days between the first advertisement in the daily papers and the day of sale, and that in two of the weekly papers first referred to the property was advertised once a week for or during three successive weeks.

There is no material difference in the direction as to advertising between the act of March 27, 1824, and the act of June 16, 1836. The former directs the sheriff to advertise "once a week *for* three successive weeks" and the latter directs him to ad-

vertise "once a week *during* three successive weeks." On this subject we refer to and quote from the opinion of our Brother MITCHELL in Hollister to use v. Vanderlin, 165 Pa. 248, as follows : "The language of the Act of June 16, 1836, sec. 63, P. L. 772, is that the officer making the sale shall give notice by advertisement 'once a week during three successive weeks.' Does this require that the first notice shall be three full weeks, or twenty-one days before the day of sale? It does not appear that this point has ever been expressly decided by this court, and the decisions of the courts of common pleas are not uniform upon it. The general practice however has been against such requirement, and as referring to calendar weeks or specified periods of time and an advertisement in three successive periods of the kind, although the advertisements may not have been all on the same day of the week, and there may not have been twenty-one full days between the first and the date of the sale. This is the rule laid down in the books of practice, 1 Troubat and Haly, sec. 1250, and has been recognized by this court inferentially, at least, in Re North Whitehall Township, 47 Pa. 156, where a notice directed to be given 'three weeks before the time of meeting' was held to mean twenty-one full days, and was expressly distinguished by STRONG, J., from a notice 'during three successive weeks' or one for 'a given number of insertions in successive weeks.'" See also as bearing upon this subject, Stoever's Appeal, 3 W. & S. 157, and Bachelor v. Bachelor, 1 Mass. 256.

Upon due consideration of the case our conclusion is that no error was committed by the court below in refusing to set aside the sale. The assignments are overruled, the order discharging the rule to set aside the sale is affirmed, and the appeal is dismissed at the costs of the appellant.