## Currens *v.* Blocher, Appellant.

*Execution—Sheriff's sale—Notice—Advertisement—Computation of time —Week—Acts of June* 16, 1836, *P. L.* 772 *and July* 2, 1895, *P. L.* 420.

Under the provisions of the 63d section of the Act of June 16, 1836, P. L. 772, as amended by the Act of July 2, 1895, P. L. 420, requiring that notice of a sheriff's sale of real estate shall be given by advertisement in two newspapers, " once a week during three successive weeks previous to such sale," a " week " is a common calendar week extending from Sunday to Saturday inclusive, and is not a mere period of seven days regardless of the day of beginning.

While the act does not require that the first advertisement shall be published three full weeks before the sale, it does require that the publication shall be during three successive weeks previous to such sale; the notice of sale in this instance is the fact which must precede the time of sale. The period during which the notice must be given must have expired before the sale can be made. The officer has the whole of the last calendar week previous to the sale in which to publish his last advertisement, but he cannot cut short the period of notice required by the statute, by publishing that last notice upon the first day of the last week. The last publication is for the whole of the last calendar week, and until that week has expired the demands of the statute have not been met.

Argued March 10, 1902.   Appeal, No. 22, March T., 1902, by defendant, from order of C. P. Adams Co., April T., 1901, No. 470, setting aside sheriff's sale of real estate in case of Eliza Currens v. F. D. Blocher and F. W. Morrison, Sheriff.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Exceptions to sheriff's sale of real estate.   Before SWOPE, P. J.

The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court.

*W. C. Sheeley*, for appellants.—A week is a period of seven days, and that without reference to the time when it commences: Endlich on Interp. of Statutes, sec. 9, p. 12; Dexter v. Shepard, 117 Mass. 480; Frothingham v. March, 1 Mass. 247.

We respectfully submit that the plain language of the act

30, (1902).]       Arguments—Opinion of the Court.

only requires the advertisements to precede the sale, and does not require that the weeks in which the advertisements appear shall precede the sale : In re North Whitehall Township, 47 Pa. 160 ; Hollister v. Vanderlin, 165 Pa. 248 ; McKee v. Kerr, 192 Pa. 164 ; In re Tyson, 13 Colo. 482 (22 Pac. Repr. 810) ; Ronkendorff v. Taylor, 4 Pet. (U. S.) 349.

*Donald P. McPherson,* for appellee.—The appellee contends that the advertisement is not in compliance with the terms of the act and is insufficient, because the act requires that notice by advertisement shall be given once in each of three calendar or biblical weeks, i. e., in weeks beginning immediately after Saturday midnight, and ending at midnight of the succeeding Saturday, seven days thereafter, and that all of these weeks must precede the day of sale : Ronkendorff v. Taylor, 4 Peters, 349 ; Haas's Executor v. Fisher, 24 Pa. C. C. Rep. 601 ; Williams v. Moore, 1 T. & H. Pr. sec. 1250 ; Hollister v. Vanderlin, 165 Pa. 248 ; Com. v. Lehigh Valley R. R. Co., 129 Pa. 429.

The weeks in which the advertisement appears must all precede the sale : Haas's Executor v. Fisher, 24 Pa. C. C. Rep. 602 ; Gyger's Estate, 65 Pa. 311 ; McKee v. Kerr, 192 Pa. 164.

OPINION BY W. D. PORTER, J., July 10, 1902 :

The court below set aside a sheriff's sale of real estate, upon the ground that the provisions of the 63d section of the Act of June 16, 1836, P. L. 772, as amended by the Act of July 2, 1895, P. L. 420, requiring that notice of every such sale shall be given by advertisement in two newspapers, " once a week during three successive weeks previous to such sale," had not been complied with. A purchaser and the sheriff now appeal from that order. The advertisement had been published in the Gettysburg Compiler in the issues of March 5, 12, and 19, each of said days being Tuesday, and in the Star and Sentinel in the issues of March 6, 13, and 20, each of said days being Wednesday. The sale occurred on Saturday, March 23, 1901, of the same week, in which the last publication of the advertisement was made. The learned judge of the court below held that a week, within the meaning of the statute, is a common calendar week extending from Sunday to Saturday inclusive. The appellant contends

" that a week within the meaning of the statute is a period of seven days, a specified period of time consisting of that number of days, regardless of the day of beginning." The difficulty with this contention is that if we adopt any other than the computation by calendar weeks, then we must take the day of the first advertisement as the beginning of the period, and the three successive weeks must be computed from that day ; until the third week is fully completed there could be no sale. Accepting the appellant's method of computation the first week began to run on Wednesday, March 6, and ended on March 12, the second period of time began on March 13, and included the 19th, and the third of the successive weeks began to run with Wednesday, March 20, and ended with Tuesday, March 26; the last publication might have been made on any day during that last week, and the publication upon whatever day it was made would be made for the whole week. The vice of the position of the appellants is that they seek to obtain the advantage of computation by calendar weeks in computing the time necessary for notice, and then to utterly disregard the calendar weeks when it comes to make the sale.

When the act of 1836 became a law there were few daily papers in the commonwealth ; those published weekly afforded the best means for disseminating information. The weekly newspapers were issued on different days of the week in different counties of the state, and each particular paper might and had the right to change the day of the week upon which it issued. The act of February 24, 1834, required notice to be given by administrators for six successive weeks ; in Stoever's Appeal, 3 W. & S. 154, the notice by the administrators had been published in a newspaper which, during the period of the publication changed the date of its issue from one day of the week to another, so that there appeared to be an interval of twelve days between two of the publications. This was held to meet the requirements of the statute, and it was said : " The publication was made in consecutive weeks, and the only reason it is apparently otherwise is that the publication of the newspaper, in which the notice appears, was changed from one day in the week to a subsequent day in the same week." This involved a distinct recognition of the calendar week as the basis for determining the sufficiency of an attempted compliance with

statutes using this language. The distinction between a requirement that notice be given three weeks before the time of an event, and an order that notice be given during three successive weeks, or by a given number of insertions in newspapers in successive weeks, was recognized by Mr. Justice STRONG, in the case of North Whitehall Township, 47 Pa. 156. It was held in Bachelor v. Bachelor, 1 Mass. 256, that an order requiring publication " in a newspaper three weeks successively had been complied with by publication in three successive calendar weeks, although the publication had been on Saturday of each of the first two weeks, and on Wednesday of the third. The Supreme Court of the United States, in Ronkendorff v. Taylor, 4 Peters, 349, in construing an act of congress which required advertising once a week, held that the act was complied with by a publication during each calendar week, although between two of the publications there had been an interval of eleven days ; and said, " a week is a definite period of time, commencing on Sunday and ending on Saturday."

The language of the act does not require that the first notice shall be fully three weeks, or twenty-one days, before the day of sale ; that point has been definitely settled : Hollister v. Vanderlin, 165 Pa. 248 ; McKee v. Kerr, 192 Pa. 164. In the cases last cited it was distinctly ruled that the language of the statute, " once a week during three successive weeks," referred to calendar weeks or specified periods of time, and an advertisement in each of three successive periods of the kind, although the advertisements were not all on the same day of the week, and there had not been twenty-one full days between the first advertisement and the day of the sale, complied with the act. The legislature in determining the notice to be given saw fit to adopt the calendar week as a unit of time, there must be one publication during each of said successive periods, but a publication on Monday or Saturday, or any day between, is a publication for that entire unit. While the act does not require that the first advertisement shall be published three full weeks before the sale, it does require that the publication shall be during three successive weeks previous to such sale ; the notice of sale in this instance is the fact which must precede the time of sale. The period during which the notice must be given must have expired before the sale can be made. The officer has the

whole of the last calendar week previous to the sale in which to publish his last advertisement, but he cannot cut short the period of notice required by the statute, by publishing that last notice upon the first day of the last week. The last publication is for the whole of the last calendar week, and until that week has expired the damands of the statute have not been met.

The order of the court below is affirmed and the appeal dismissed at costs of the appellants.