[No. 1780, July 28, 1915.]
# DEWITZ et al. v. JOYCE-PRUITT COMPANY.

## SYLLABUS BY THE COURT.

1. Under section 4647, Code 1915, which requires notices of sales to be published "once each week for four successive weeks," dces not require that full four weeks shall elapse between the first insertion of the notice in the newspaper and the day of sale, but the sale may be had at any time not less than three days after the fourth and last insertion.

P. 574

2. The informality in a notice of sale under a decree of foreclosure of a mortgage, by reason of a failure to state, in terms, the amount of principal and interest to date of sale, as required by section 2198, Code 1915, but where the amount is stated as the amount for which the property will be sold, is not sufficient to avoid the sale.          P. 575

3. The fact that property is advertised to be sold under a foreclosure decree for a certain sum, and is sold for a lesser sum, does not prevent confirmation of the sale in the absence of a showing that it sold for less than its value, or that the mortgagors were misled to their prejudice thereby.

P. 576

Appeal from District Court, Eddy County; Richardson, Judge.

Action between Elise Dewitz and Paul E. Dewitz, and the Joyce-Pruitt Company, a corporation. From a judgment confirming a mortgage foreclosure sale, Elise and Paul E. Dewitz appeal. Affirmed.

BUJAC & BRICE of Carlsbad and C. M. BOTTS of Albuquerque, for appellants.

A mortgage foreclosure sale must be supported by a valid judgment or decree of a competent court.

27 Cyc. 1680; 24 Cyc. 10 and cases cited.

The notary taking the acknowledgment to the mort-gage was a stockholder and director of the corporation,. which rendered the mortgage void.

First National Bank v. Citizens' National Bank, 70 Pac. 276; Devlin on Deeds, 476-477d; Chadron, etc., v. O'Linn,. 95 N. W. 368.

Special master had not power to make the sale because the notice thereof required by statute was not given.

Sec. 5, chapter 49, Laws 1912; sec. 3115, C. L. 1897.

"Four successive weeks" means "throughout" or "dur-ing the continuance of."

3 Century Dictionary, p. 2314; Findlayson v. Peterson,. 5 N. D. 588, 33 L. R. A. 534; McCurdy v. Baker, 11 Kan. 93; Leffler v. Armstrong; 4 Iowa, 482; Bell Mining Co. v. First National Bank, 156 U. S. 470; Blackwell v. Bank of Albuquerque, 10 N. M. 555.

Sale is void because mortgagee or trustee purchased at sale.

27 Cyc. 1701.

Sale is void because made for less than advertised price and contrary to the conditions set out in the notice of sale..

9 Enc. P. & P., 489-501, 503.

S. D. STENNIS, JR., of Carlsbad, for appellee.

When an ambiguity in a judgment admits of two con-structions it should be construed with reference to the pleadings.

1 Black on Judgs., sec. 3; Pennister v. Somers, 15 La. Ann. 679.

Reference may be had to other pleadings and proceed-ings to clarify the meaning of a judgment.

Clay v. Hildebrand, 9 Pac. 466-470; Freeman Judg., sec. 45; Fowler v. Doyle, 16 Iowa, 534; Finnagan v. Man-chester, 12 Iowa, 521; Bell v. Massey, 14 La. Ann. 831; Wirt v. Kutz, 110 Pac. 575; Canavan v. Canavan, 131 Pac. 493; sub-secs. 78 to 96, sec. 2685, C. L. 1897.

The validity of the mortgage cannot be questioned.
Haseltine v. Gilleland, 43 Pac. 88.

In absence of fraud, undue influence, etc., the mortga-
gee may purchase the equity of redemption of the mort-
gagor the same as any other person.
Jones on Mortgages, 711.

## OPINION OF THE COURT.

PARKER, J.—This is an appeal from a decree confirm-
ing a sale under a mortgage foreclosure. Upon the com-
ing in of the referee's report of sale, the appellants filed
objections to the confirmation of the sale, setting up vari-
ous objections, some of which are available and some are
not.

[1] The proposition principally relied upon is that
the notice of sale was not given as required by statute.
The argument is made that under the terms of section
4647, Code 1915, which directs that notices of this charac-
ter shall be published "once each week for four succes-
sive weeks," requires that at least 4 weeks, or 28 days,
expire between the first insertion of the notice in the news-
paper and the date of sale. Provisions similar to these
have been before the courts, and two lines of decisions are
plainly marked out. In some of the states a provision like
ours has been held to require only 4 insertions of the notice
in a weekly newspaper, and not to require the expiration of
the full 28 days between the first notice and the date of sale.
Thus, in Hollister v. Vanderlin, 165 Pa. 248, 30 Atl. 1002,
44 Am. St. Rep. 657, the statute required an execution
sale to be advertised "once a week during three succes-
sive weeks," and the court held that an advertisement in
each of the 3 successive weeks was sufficient, although
there may not have been 21 full days between the first ad-
vertisement and the date of sale. On the other hand, in
Bacon v. Kennedy, 56 Mich. 329, 22 N. W. 824, the stat-
ute provided that notice should be published "once a week
for twelve successive weeks" in a statutroy foreclosure of
a mortgage. The court held that 12 full weeks must

elapse between the first notice and the sale. See, also, on this subject, 2 Freeman on Ex. (3d Ed.) § 285e , and note to Hoffman v. Anthony, 6 R. I. 282, 75 Am. Dec. 701, 708. There is a provision in our statute, however, which is determinative of the question. The section above referred to contains the following:

> "If such publication shall be notice of the pendency of a suit, in a district court, the last insertion shall be at least twenty days before the date on or before which the defendant is notified to appear. In all other cases the last insertion shall be at least three days before the date fixed in such notice for the taking of the action concerning which the publication is made."

It therefore clearly appears from the terms of the statute, itself, that 28 full days need not elapse between the first insertion of the notice and the day of sale, because, if a sale under a mortgage foreclosure may be made 3 days after the fourth and last insertion of the notice, necessarily 28 days cannot have elapsed since the first publication. We therefore hold that this section of the statute is complied with if 4 successive weekly notices of such sale are. published, and said sale takes place not less than 3 days after the last insertion of the notice in the newspaper.

[2] Further objection to the confirmation of the sale is made because the amount of principal and interest to date of sale was not specified in the advertisement. The argument is based upon section 2198, Code 1915, which prescribes the contents of notices of judicial sales, and provides, among other things, that the notice shall contain a statement of the amount of the decree "with interest to date of sale." The notice in question contains the statement:

> "The amount for which said property will be sold, exclusive of the costs of making said sale with interest as provided by said decree, is, to-wit: Decree of foreclosure (principal) $1,567.-

25; interest as provided in said decree, $103.44; costs in district and Supreme Courts, $27.10— total, $1,697.79."

The argument is made by counsel that this is not a statement of the amount of principal and interest to the date of sale as required by the section, but is merely a statement of the amount for which the property will be sold. We do not consider the argument as of any importance. It clearly appears from the notice that the amount of principal and interest to the date of sale is stated therein, and no one could have been misled by the slight informality of the notice.

[3] The argument is further made that the sale is void for the reason that the notice stated that the amount for which the property would be sold was $1,697.79, while the sale was in fact made to the appellee for the sum of $1,200, being $497.79 less than the amount advertised. There is no showing, however, that the property sold for less than its actual value, and it does not appear that the appellants were in any way misled to their injury by the fact that the selling price was less than the amount due on the mortgage, as advertised. Under such circumstances, the appellants have no ground for objection to the confirmation of the sale.

Counsel for appellants suggest that appellee had no right to bid in the property at the sale, there being no express authority in the decree to do so. But the point is not relied upon for a reversal, as, indeed, it probably could not be.

It is argued by appellants that the decree is defective and invalid, but they are precluded from raising any such question in this proceeding; it having on a former appeal been determined that the decree should be affirmed.

There is no error in the record, and for the reasons stated the judgment of the lower court will be affirmed, and it is so ordered.

HANNA, J., concurs.

ROBERTS, C. J., being absent, did not participate in this decision.