## DE GRAFTENREID v. CASAUS.

(No.· 2306.   June 8, 1920.)

SYLLABUS BY THE COURT.

1.   Section 15, chapter 22, Laws 1899, which requires the notice of tax sale to be published once each week for four consecutive weeks, the last publication to be not less than 30 days prior to the date of sale, is complied with by publication

of the notice of sale on the same day of the week for 4 consecutive weeks, although the full period of 28 days has not elapsed between the first and last publication, where the fourth publication is more than 30 days prior to the date of sale, following the case of Dewitz v. Joyce-Pruitt Co., 20 N. M. 572, 151 Pac. 237.                          P. 218

2. Section 36, chapter 84, Laws 1913, authorizes the sale of delinquent tax sale certificates acquired by the various counties under former laws, as well as under said chapter 84.
                                        P. 220

Appeal from District Court, Chaves County, Richardson, Judge.

Suit to quiet title by Joseph De Graftenreid against Leandro Casaus who counterclaimed. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

GIBBANY & EPSTEIN, of Roswell, for appellant.

F. FAIRCLOTH, of Santa Rosa, for appellee.

OPINION OF THE COURT.

ROBERTS, J. Appellant filed suit in the district court of Chaves county to quiet title to the southwest quarter of section 20, in township 1 north of range 24 east. The complaint was in the ordinary form. Appellee answered first by general denial; second, by setting up the fact that appellant claimed title to the land under a tax deed issued by the county of Chaves, and attacking the validity of the proceedings leading up to the issuance of the deed. He also filed a counterclaim, setting up the fact that he was the owner of the real estate, and that appellant claimed some interest therein adverse to his right, and asked that his title be quieted as against appellant. Appellant filed a motion to strike out certain portions of the answer and all of the counterclaim, and, after various orders were entered by the court and modifications thereof, the pleadings stood as follows: Appellant's complaint; appellee's general denial and counterclaim; appellant's reply, denying the facts pleaded in counter claim. Evidence was thereupon taken and at the conclusion of appellant's case in chief, appellee filed a

demurrer to the evidence. The demurrer was taken under advisement by the court, and appellee introduced his proof under his counterclaim. Thereafter the court sustained the demurrer to the evidence, and afterwards made findings of fact and stated conclusions of law, and entered judgment for appellee, denying appellant the relief prayed for, and quieting appellee's title to the real estate in question. Counsel appearing for the appellee in this court did not try the case in the court below. .

It is somewhat difficult to understand the theory upon which the cause was tried, or the basis for the judgment of the trial court. Appellant quotes the memorandum finding by the court as follows:

"The court is of the opinion that the case does not fall within the Supreme Court's decision in the case of Maxwell v. Page, wherein all of the transactions with reference to the taxes were under the act of the Legislature of 1899, and therefore the court is of the opinion that the demurrer made by the defendants at the conclusion of the testimony of the plaintiff should be, and is hereby, sustained."

In the case of Maxwell v. Page, 23 N. M. 356, 168 Pac. 492, 5 A. L. R. 155, the notice of sale was not advertised pursuant to the statute. The tax law of 1899 (chapter 22, Laws 1899) required the publication of a notice of sale for four weeks, the last insertion to be not less than 30 days before the date fixed for the sale. That statute also contained a curative provision, which precluded an attack upon a tax sale, "except upon the ground that the taxes, penalties, interest and cost had been paid before the sale or that the property was not subject to taxation." In the case referred to the last insertion was less than 30 days before the time fixed for the sale, and we held that under the curative provision of the statute the sale was not invalidated by reason of such defective publication. The statute of 1899 was repealed by chapter 84, Laws 1913, and the act of 1913 did not contain the curative provision which was the basis for the holding in the Maxwell-Page case.

(1) In this case the property was advertised for sale for taxes for the last half of the year 1909. The

date of sale was fixed in the notice at November 7, 1910. The first insertion of the notice was on September 13, 1910, and a like notice was published on the same day of each week thereafter until five insertions of the notice in the newspaper had been made, the fifth insertion being on October 11, 1910. The court and counsel below all were evidently of the opinion that to comply with the statute (section 15, c. 22, Laws 1899) it was necessary to insert the notice of publication five times. The law provided:

"The said delinquent tax list and notice shall be published not less than once each week for a period of four consecutive weeks, the last publication to be not less than thirty days prior to the return day named in said notice (the day of sale)."

That it was so regarded is apparent from the judgment of the court and the argument advanced here by appellant, who seeks to show that, notwithstanding the repeal of the 1899 act by the law of 1913, the curative provision in the former law would, under the Maxwell-Page Case, preclude an attack upon the validity of the sale because of the defect in publication. But the publication of the notice of sale was sufficient, and it is not necessary that the rule in the Maxwell-Page Case be invoked.

In the case of Dewitz v. Joyce-Pruitt Co., 20 N. M. 572, 151 Pac. 237, this court in construing section 4647, Code 1915, which required notice of sale "by virtue of any execution, decree or other process issued out of such courts," etc., to be published "once each week for four successive weeks," held that the statute did not require the full four weeks to elapse between the first insertion of the notice in the newspaper and the day of sale, but that the sale could be held at any time not less than 3 days after the fourth and last insertion. Here there were four insertions of the notice, one each week for 4 consecutive weeks, but the full period of 28 days did not elapse between the insertion of the first and last notice, assuming that the fifth notice was surplusage and

not required. The fourth notice was inserted more than 30 days prior to the date of sale, consequently there was no defect in the advertisement.

Counsel for appellee in this court does not undertake to sustain the judgment of the lower court on the ground that the notice of sale was defective, but takes a new position not advanced in the trial court, which is that:

"The treasurer and collector of a county has no authority to sell or assign a tax sale certificate unless he is authorized to do so by statute; hence if chapter 22 of the Session Laws of 1899 was repealed by chapter 84 of the Session Laws of 1913, a tax sale certificate assigned by a treasurer and collector on the 20th day of October, 1915, cannot be authorized by that act; the assignment of such tax sale certificate must be held to have been made by authority of some act in force at the date of such assignment."

(2) We cannot agree with his contention. Section 36, c. 84, Laws 1913, contains the authority for the sale by the county of tax sale certificates acquired by the county under said chapter and prior laws. It provides in part:

"When any property shall be struck off to the county as aforesaid, it shall be the duty of the collector to sell and assign the duplicate certificate of such sale to any person," etc.

Appellee's argument necessarily must be predicated upon the theory that said section only authorizes the sale of certificates issued by authority of said chapter 84. This, we think, is placing an unwarranted limitation upon the latter act. It would be unreasonable to suppose that the Legislature had intended that no disposition whatever could be made of all the tax sale certificates acquired by the various counties under the former law which was repealed. Several cases have been before the court where certificates have been sold under the act of 1913, which had been issued to the counties under the former law, and in each case it was taken for granted by court and counsel that authority to sell was conferred by the later act, and we now so hold.

The trial court was wrong in its construction of the law relative to the publication of the notice of sale, for which reason the judgment must be reversed, and the cause remanded to the district court for further proceedings. We are not remanding the cause with directions to render judgment for appellant because the ends of justice may require the reframing of the pleadings and a new trial.

PARKER, C. J. and RAYNOLDS, J., concur.