## Advertisements for Bids by School Board.

O'HARA, Dep. Att'y-Gen., July 11, 1930. — We have your request to be advised as to what constitutes "due notice," under the provisions of section 617 of the School Code of May 18, 1911, P. L. 309.

This section, as amended by the Acts of July 10, 1919, P. L. 889, and May 7, 1929, P. L. 1625, provides:

"All construction, reconstruction, repairs, or work of any nature, including the introduction of heating, ventilating, or lighting systems, upon any school building or upon any school property, made by any school district in this Commonwealth, where the entire cost, value, or amount of such construction, reconstruction, repairs, or work, including labor and material, shall exceed three hundred dollars ($300) shall be done under contract or contracts to be entered into by such school district with the lowest responsible bidder, upon proper terms, after due public notice has been given asking for competitive bids: Provided, That if due to an emergency, a school plant or any part of the same becomes unusable during the school term, competitive bids for repairs or replacement may be solicited from at least three responsible bidders, and, upon the approval of any of these bids by the State Superintendent of Public Instruction, the board of school directors may proceed at once to make the necessary repairs or replacements in accordance with the terms of said approved bid or bids."

Neither the School Code nor any general act prescribes the time and mode of giving such "due public notice" asking for competitive bids.

Under a statute requiring "due notice" of taking depositions out of the state, and not under a commission, it was held that due notice was that notice which would reasonably enable the adverse party to be present at the taking, dependent on the circumstances of each case, and must be settled by the sound discretion of the presiding judge: Harris v. Brown, 63 Maine, 51, 53.

"Due public notice" must be assumed to mean compliance with law, that is, whatever notice the law requires: Copelan et al. v. Kimbrough et al. (Ga.), 102 S. E. Repr. 162, 164.

634

Under the by-law of a trade union which provided for fining and otherwise punishing any member violating the law of the association, etc., and providing for a trial with "due notice," it was held that "due notice" means notice that the accused is to be put upon trial at a specified time upon specified charges, and the notice must be given in season to afford him reasonable opportunity to make preparation to meet the charges by summoning witness in his behalf: Brennan v. United Hatters, 73 N. J. L. 729, 65 Atl. Repr. 165, 168, 9 L. R. A. (N. S.) 254, 118 Am. St. Rep. 727, 9 Ann. Cases 698.

It has been held that a notice in a newspaper is at the best but an uncertain method of communicating the knowledge of a fact, since the party to be affected may never see the paper, or if he does, may not read all the advertisements; but still it is sometimes the only practicable mode, and is, therefore, either allowed by the principles of the common law, or directed by act of assembly in particular instances: Watkinson and Another v. The Bank of Pennsylvania, 4 Wharton, 482.

Section 708 of the School Code provides that the school districts shall purchase supplies of the second class:

". . . only after public notice has been given by advertisement, published once each week for three weeks in not less than two newspapers of general circulation: Provided, That in any district where no newspaper is published, said notice may, in lieu of such publication be posted in at least five public places. Such advertisement or notice shall give all necessary information, or give notice of convenient access thereto, in such manner that bidders can intelligently make bids for such contracts."

The end to be accomplished by advertisement under the provisions of section 708 of the School Code is the same as that sought to be accomplished under the provisions of section 617 of the School Code, to wit, to assure competitive bids by informing interested dealers in the one case and building contractors in the other case of the proposed letting of a contract by the school district, and, in the absence of statutory provision for the time and mode of the notice required by section 617 of the School Code, the school district is justified in adopting the time and mode provided by section 708 of the School Code, unless the size and scope of the building project suggests the necessity of permitting a greater period of time for the necessary examination of the site, the plans and specifications, and preparation of the necessary data and bids, to the end that the school district may be assured of competitive bids.

In this connection, you are advised that "publication once in each week for three weeks" has been interpreted to mean an advertisement in each of three successive weeks, although the advertisements may not have been all on the same day of the week, and there may not have been twenty-one full days between the first day and the last day of such advertisements (Hollister, to use, v. Vanderlin, 165 Pa. 248; McKee v. Kerr, 192 Pa. 164); but the date for opening the bids may not be fixed during any day in the last calendar week during which the advertisement appears: Currens v. Blocher, 21 Pa. Superior Ct. 30.

Where a bond issue has been authorized for the purpose of financing the proposed building project, and where the public interests of the district suggest the early completion of the building, we know of no rule of law which forbids the advertisement for building bids at the same time as the advertisement for bond bids, provided the advertisement for building bids contains appropriate language reserving the right to award the contract only if the bonds are sold at a price satisfactory to the board of directors, or to reject all bids in event of failure to dispose of the bonds. The board of school directors

must be the judge of the necessity and wisdom of such concurrent advertisement, and when the board's judgment is determined by public consideration alone, it will not be reviewed by the court: Robb et al. *v.* Stone et al., 296 Pa. 482.

From C. P. Addams, Harrisburg, Pa.