## Eck v. Williamsport School District

*Daniel F. Knittle,* and *Greevy, Knittle, Fisher & Rice,* for petitioners.

*Nathan W. Stuart,* and *Wood, Stuart & Murphy,* for respondent.

WILLIAMS, P. J., August 30, 1961.—Twenty five taxpayers of the Williamsport School District have appealed a tax levied by the school district.

### Findings of Fact

The court makes the following findings of fact:

1. That plaintiff petitioners are taxpayers of the School District of Williamsport.

2. That defendant is a second class school district.

3. That defendant's fiscal year commenced July 3, 1961.

4. That publication of the notice of intention to adopt an occupation tax resolution was made by the School District of Williamsport by advertisement in the Williamsport Sun-Gazette and in the Lycoming Reporter in their issues of June 9, June 16 and June 23 of 1961.

5. That June 9, June 16 and June 23 of 1961 came on Fridays of three separate successive weeks.

6. That on June 27, 1961, defendant, School District of Williamsport, passed a resolution levying a tax of 45 mills upon the assessed valuation of the occupation of each and every tax inhabitant of the school district, a copy of which resolution is attached to the complaint in this case and is a true and correct copy of the same.

7. That on June 27, 1961, the school directors authorized the officers of the board to execute a warrant for the collection of the occupation tax by the treasurer of Williamsport.

8. That prior to July 27, 1961, defendant school district sent the occupation tax duplicates to the treasurer of the City of Williamsport.

9. Tax notices were sent to petitioners as a result of said warrant, said tax notices being named "1961 School Occupation Tax." Attached to each notice was a copy, on the reverse side of which in large letters is the following statement: "BILL DATED July 27, 1961." In addition to this statement and directly underneath is the following: "Your School Occupation Tax is now due and payable, and you are hereby requested to pay same."

## Discussion

On June 27, 1961, the Williamsport School District passed a resolution levying a tax of 45 mills upon the assessed valuation of the occupations of each and every taxable inhabitant of the school district.

This tax was levied under the Act of June 25, 1947, P.L. 1145, as amended, 53 PS §6851, which has been called the "Tax Anything Act."

Twenty five taxpayers appealed within the time set by the legislature for appeal.

The only objections set forth in the petition for appeal are as to the method in which the tax was imposed. We are, therefore, not concerned as to whether or not the tax imposed is excessive or unreasonable. Besides, the act directs "the court shall not interfere with the reasonable discretion of the legislative body in selecting the subjects or fixing the rates of the tax."

It is alleged that the publication to adopt the resolution of the school district is in violation of the advertising requirements set forth in section 2 of the "Tax Anything Act," 53 PS §6852.

Section 2 of this act provides that, prior to the passage of any resolution imposing a tax, the political subdivision shall give notice of the intention to pass such resolution by "Publication of such notice . . . by advertisement once a week for three weeks in a newspaper of

general circulation within such political subdivision . . ."

It is to be noted that the school board advertised its intention of passing the resolution in the issues of the Sun-Gazette newspaper and the Lycoming Reporter legal newspaper which were published on Friday, June 9, Friday, June 16 and Friday, June 23. In other words, the notice did appear in the newspaper once a week for three weeks, and in the fourth week the resolution was passed.

The protestants declare, however, that 21 full days should have elapsed between the day of the first advertisement and the date of the resolution, whereas only 18 days actually elapsed between the day of the first advertisement and the date the resolution was passed. As authority for this proposition, they cite the Statutory Construction Act of May 28, 1937, P. L. 1019, article III, sec. 39, 46 PS §539. This section reads as follows:

"Whenever in any law providing for the publishing of notices, the phrase 'successive weeks' is used, weeks shall be construed as calendar weeks. The publication upon any day of such weeks shall be sufficient publication for that week, but at least five days shall elapse between each publication. At least the number of weeks specified in 'successive weeks' shall elapse between the first publication and the day for the happening of the event for which publication shall be made."

We are of the opinion that this section of the Statutory Construction Act in no way rules the instant case inasmuch as the advertisement clause of the "Tax Anything Act" as quoted above, does not call for "successive weeks" advertisement. The act under which the resolution was passed by the school district calls for "advertisement once a week for three weeks." We realize that the Cumberland County Court has ruled

otherwise. See Newville Borough v. Dewalt, 3 Cumberland 30. We do not agree with the protestants, however, that the Superior Court sustained this ruling in Newville Borough v. Dewalt, 173 Pa. Superior Ct. 254. The Superior Court ruled on remedy only, and not as to the advertisement.

Before the Statutory Construction Act and for many years the Supreme Court of Pennsylvania ruled that advertising for sheriff's sale "once a week during three successive weeks" did not require that the first notice be 21 days before the sale: Hollister to use, v. Vanderlin, 165 Pa. 248. Also see McKee v. Kerr, 192 Pa. 164. It has also been held in such sales that a week is a common calendar week extending from Sunday to Saturday, inclusive, and is not a mere period of seven days regardless of the day of beginning: Currens v. Blocher, 21 Pa. Superior Ct. 30.

We are of the opinion that section 39 of the Statutory Construction Act only applies to those laws which use the phrase "successive weeks" in the requirement for publications. This being so, the school board has complied with the advertising requirement as it advertised in three weeks and passed the resolution in the fourth. This is sufficient under the many rulings of our appellate courts.

It is also alleged by the protestants that the resolution was adopted in violation of the Act of Assembly of March 10, 1949, P. L. 30, art. VI, sec. 603, as amended, 24 PS §6-603, which provides that there shall be but one levy of school taxes made in each school district in each year. The petition of appeal lacks any reference to the fact that more than one levy was made, and no testimony was introduced to sustain this objection and, therefore, an appeal on this ground is denied.

The only other objection made to the tax is that the resolution was adopted in violation of section 3 of the

"Tax Anyting Act", as amended, 53 PS §6853, which provides that no tax levied by any political subdivision to which the act applies, "shall in any event go into effect until thirty days from the time of the adoption of the ordinance or resolution levying the tax." The resolution was adopted June 27, 1961. Although the tax statements were sent out prior to July 27, 1961, conspicuously on these statements is the declaration "BILL DATED JULY 27, 1961." The school board, therefore, intended that the tax should not go into effect until 30 days from the time the resolution was enacted levying the tax. Matters concerning the sending of the duplicates and the sending of the tax notices were merely implements of the tax collection and did not result in the tax going into effect before the 30 days had passed. As to the argument that the fiscal school year commenced July 3, 1961, and that, therefore the school board could not levy a tax unless resolution was 30 days before July 3, 1961, we see little merit to this argument. Even though the school district could not collect the tax during the 30 day period, the tax was certainly valid throughout the remainder of the year. Also, we see little merit in the argument that the tax imposes a tax beyond the close of the fiscal year. The tax was for the fiscal year even though it could not be collected until after the fiscal year began.

## Conclusions of Law

The court makes the following conclusions of law:

1. The advertisements of the Williamsport School District as to its occupation tax resolution of June 27, 1961, were not in violation of the advertising requirements of the Act of June 25, 1947, P. L. 1145, as amended.

2. "Once a week for three weeks" is not to be interpreted as meaning "successive weeks" so as to come

under the provision of section 39 of the Statutory Construction Act of May 28, 1937, P. L. 1019.

3. That the appeal and the facts do not warrant a finding that more than one tax levy was made by the school district.

4. That the tax in question did not go into effect until 30 days from the time of the adoption of the same.

5. That the tax levied was for the fiscal year of the school district even though said tax could not be collected until after the fiscal year began.

6. That the resolution and the tax imposed are valid.

*Order of Court*

And now, August 30, 1961, it is ordered and decreed that the appeal be dismissed, costs on appellants.