## Eck et al., Appellants, *v.* Williamsport School District.

Argued December 12, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Daniel F. Knittle,* for appellants.

*Nathan W. Stuart,* for appellee.

OPINION BY WOODSIDE, J., April 12, 1962:

We are here concerned with the legality of a tax resolution adopted by the School District of the City of Williamsport. The appellant-taxpayers challenge the legality of the resolution on the ground that the intention to pass it had not been properly advertised.

The school district relies upon the "Tax Anything Act" of June 25, 1947, P. L. 1145, 53 P.S. §6851 et seq., for its authority to pass the resolution. This act requires notice of intention to pass a tax resolution, and provides in §2, as amended, 53 P.S. §6852, that "Publication of such notice shall be made by advertisement once a week for three weeks in a newspaper of general circulation within such political subdivision . . .".

The notice of the intention to adopt the resolution was published in the Williamsport Sun-Gazette and in the county's legal journal on June 9th, 16th and 23rd, 1961. These dates were Fridays. The resolution was adopted on June 27, 1961, a Tuesday.

The taxpayers contended in the court below that the notice did not meet the requirements of the above act because at least 21 days had not elapsed between the first publication and the passage of the resolution. They cited *Borough of Newville v. Dewalt,* 2 Cumberland Law Journal 30, exceptions overruled in 3 Cumberland Law Journal 30 (1952), and *Levitsky v. School District of North Manheim Township,* 55 Schuylkill Legal Record 123 (1959). We had the *Newville* case before us in 173 Pa. Superior Ct. 254, 98 A. 2d 402 (1953), but we did not consider the issue now before us.

The court below rejected the reasoning of the Cumberland County and Schuylkill County Courts, and held that the notice of intention to pass the tax resolutions met the legal requirements.

The act says nothing about the number of days that must elapse between the first advertisement and the passage of the resolution. It is generally recognized that when nothing is specifically said in the statute about the time that should elapse between the first advertisement and the event, the courts should not read such provision into the act. See Merrill on Notice, Vol. II, page 60.

The court below observed that "the notice did appear in the newspaper once a week for three weeks, and in the fourth week the resolution was passed". Assuming that publication dates of the periodicals required advertisements on Fridays,[1] it would have been necessary to have the first advertisement appear on June 2nd in order to have more than 21 days elapse between the advertisement and the passage of the tax resolution. With the June 2nd starting date, the notice would have been published June 9th and 16th and would not have been published during the week prior to the week in which the resolution was passed.

As the notice was published during each of the three successive weeks immediately prior to the week in which the resolution was passed, the action of the school district follows so literally the above requirement of the Act, that no doubt of its compliance seems possible. Particularly is this true in the light of *Hollister v. Vanderlin*, 165 Pa. 248, 30 A. 1002 (1895) and *McKee v. Kerr*, 192 Pa. 164, 43 A. 953 (1899). In these cases

---

[1] Advertisements must be made on the same day each week in all municipalities in which only weekly papers of general circulation are published and when advertisement is made in legal journals, nearly all of which are published weekly.

it was held that an act requiring notice by advertisement of a sale "once a week during three successive weeks" does not require the first notice to appear more than 21 days prior to the sale. See also *Currens v. Blocher,* 21 Pa. Superior Ct. 30 (1902).

Doubt as to the meaning of the "Tax Anything Act" arises only by reference to the Statutory Construction Act. The appellants' contention rests solely on §39 of article III of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 P.S. §539, which provides: "Whenever in any law providing for the publishing of notices, the phrase 'successive weeks' is used, weeks shall be construed as calendar weeks. The publication upon any day of such weeks shall be sufficient publication for that week, but at least five days shall elapse between each publication. At least the number of weeks specified in 'successive weeks' shall elapse between the first publication and the day for the happening of the event for which publication shall be made."

The appellants contend that the last sentence of this provision requires 21 days to elapse between the first publication and the passage of the resolution. The section does not refer to the number of days that shall elapse, but to the number of weeks. The meaning would be clear enough were it not that the section specifically defines weeks as "calendar weeks". The first advertisement was during the calendar week of June 4th to 10th. On June 10th that week "elapsed". ("Elapse" is defined by Webster to mean "expire" or "pass"). Thus, three different calendar weeks did "elapse"—"expire", "come to an end"—between the first advertisement and the passage of the resolution. The first was not a full week, but there is nothing said in the section about full weeks or seven day weeks; it is only calendar weeks with which the section is dealing. Rules of statutory construction are to be resorted to only when there is ambiguity; they are not

to be used to create doubt, but only to remove it. *Kritz Estate*, 387 Pa. 223, 227, 127 A. 2d 720 (1956).

We believe that §39 of article III, supra, is not applicable. Section 31 of that article, 46 P.S. §531, provides that the rules set forth in article III are not to be observed if they would "result in a construction inconsistent with the manifest intent of the Legislature."

A rule of statutory construction contained in article III of the Statutory Construction Act should not be applied where it would result in a construction inconsistent with the manifest intent of the legislature. *Lancaster City Ordinance Case*, 383 Pa. 471, 119 A. 2d 307 (1956). When the language of a statute is plain and unambiguous there is no occasion for resorting to rules of statutory construction. *Commonwealth v. Przychodski*, 177 Pa. Superior Ct. 203, 209, 110 A. 2d 737 (1955); *Commonwealth ex rel. Cartwright v. Cartwright*, 350 Pa. 638, 645, 40 A. 2d 30 (1944). Furthermore, the above provision is, in effect, a definition of the phrase "successive weeks" which does not appear in the section of the taxing act under consideration.

Here publication of the notice was "made by advertisement once a week for three weeks in a newspaper of general circulation" as required by the "Tax Anything Act". During the week after the notice of intention was published in strict accordance with the statute, the resolution was passed. The notice met the requirements of the "Tax Anything Act".

Decree affirmed.