## Conewago Township v. Bair

*Gerald R. Walmer* and *Harry C. Elsesser, Jr.*, for appellant.

*Ronald J. Hagarman*, for appellee.

SHEELY, P. J., November 23, 1963.—This is an appeal by defendant from his conviction before a justice of the peace for a violation of Ordinance No. 1963B of Conewago Township. Defendant attacks the validity of the ordinance and the parties have stipulated the facts.

The Supervisors of Conewago Township adopted Ordinance No. 1963B on May 3, 1963, to be effective on May 10, 1963. The ordinance was adopted under the authority of the Act of June 25, 1947, P. L. 1145, as amended, 53 PS §6851, popularly known as the Tax Anything Act, and provided for a tax upon the privilege of attending or participating in amusements in the township. Under section 3 of the ordinance, the person conducting an amusement within the township was required to transmit to the township treasurer, on or before the fifteenth day of each month following the conduct of an amusement, a report of the total admissions charged or collected during the previous month, and, at the same time, to pay to the treasurer the total amount of tax due from the operations of the preceding month.

Defendant is the owner and operator of Hanover Bowling Center situated in the township and admittedly failed to file a report or to pay any tax on or about July 15, 1963, or to July 31, 1963. He would, therefore, be subject to the penalty prescribed by the ordinance if the ordinance is valid.

Defendant contends that the ordinance is void and illegal, because it was improperly advertised. Under the provisions of the Tax Anything Act, it is required that prior to the passage of any ordinance imposing a tax under the authority of the act the township super-

visors shall give notice of the intention to pass such ordinance by ". . . advertisement once a week for three weeks in a newspaper of general circulation within such political subdivision . . ." The ordinance in this case was advertised on Saturday, April 20, 1963; Tuesday, April 23, 1963; Tuesday, April 30, 1963, and was enacted on Friday, May 3, 1963. The question presented is whether this advertising complied with the statutory requirement of advertising once a week for three weeks prior to the passage of the ordinance.

The requirement of notice by advertising was considered by the Superior Court in Eck v. Williamsport School District, 197 Pa. Superior Ct. 591 (1962). It was there held that a notice published during each of the three successive weeks immediately prior to the week in which the resolution was passed fully complied with the requirement of the act, and that the act did not require 21 days to elapse between the first advertisement and the passage of the ordinance. In that case the advertisement was published on three succeeding Fridays and the resolution was adopted the following Tuesday or, in other words, the advertisement appeared once in each of three calendar weeks and the resolution was adopted during the fourth week.

This, however, was not true of the present advertisement. Here, the advertisement appeared once a week for three weeks, but the ordinance was adopted during the third week. Consequently, the notice was not published once a week for three weeks prior to the passage of the ordinance. The third week of advertising did not elapse or expire until Saturday, May 4, 1963. The township contends that the Eck case stands merely for the rule that advertisement must appear within three calendar weeks prior to the adoption of the tax ordinance, but does not rule out the right to adopt the ordinance in the same week as the last advertisement. But this contention overlooks the fact that the statute

requires that the advertisement must appear once in each week for three weeks *prior* to the passage of the ordinance. The final week of advertising must expire before the ordinance can be adopted.

The second contention of defendant is that the ordinance is invalid in that it was enacted on May 3, 1963, to become effective May 10, 1963, whereas section 3 of the Tax Anything Act, 53 PS §6853, provides that no tax levied under the act shall go into effect until 30 days from the time of the adoption of the ordinance levying the tax. This same contention was disposed of by Judge Lipez, of Clinton County, specially presiding in Lancaster County, in Rutherford v. City of Lancaster, 19 D. & C. 2d 89 (1959). He there held that this requirement of the act was directory only and that the ordinance would be invalid only as to the 30-day period following its adoption, but that this partial invalidity does not destroy the scheme of the ordinance and that it would be valid for the remainder of the year. We agree with this conclusion.

Finally, defendant contends that the ordinance is invalid in that it levies a tax rate, inter alia, of four cents for each admission not exceeding 49 cents, thereby exceeding the 10 percent maximum allowable by the act. We agree that, to the extent to which the ordinance imposes a tax in excess of one cent on every 10 cents of admission, it is illegal: Moon Schools Union School District v. Tiglio, 183 Pa. Superior Ct. 67, 74 (1956). But, as pointed out in that case, "This, of course, does not render null and void the entire resolution. Section 3 of the enabling act provides, inter alia: 'The court may declare invalid . . . any portion of the ordinance or of the tax imposed or may reduce the rates of tax.' . . .

"The tax at the rate of 10% imposed by the resolution upon those paying admissions is a legal and proper tax and will be sustained, but the provision of the ordi-

nance attempting to impose the tax upon a fraction of a 10¢ admission must be declared in conflict with the enabling act, and, therefore, null and void."

Since the ordinance in this case was adopted prior to the expiration of the required period of advertisement the ordinance is null and void and the appeal must be sustained.

And now, November 23, 1963, the appeal of defendant from his conviction of violating sections 1, 3 and 4 of Ordinance No. 1963B of Conewago Township is sustained, and defendant is discharged. Costs to be paid by Conewago Township. An exception to this order is noted on behalf of the Supervisors of Conewago Township.