## Commonwealth, Appellant *v.* Thackara Mfg. Co.

*Taxation—Exemption—Manufacturing corporations—Invalid power in charter—Acts of April 29, 1874, and June 1, 1889.*

Under the act of April 29, 1874, P. L. 73, a corporation cannot be organized to carry on a mercantile business of dealing or of buying and selling.

If the charter of a company organized under the act of April 29, 1874, contains words empowering it not only to manufacture, but also to engage in a mercantile business, the mercantile words are ineffectual, and the corporation has only the single power to manufacture. Such a company is taxable only on so much of its capital stock as is invested in its mercantile business, under the act of June 1, 1889, P. L. 420.

Argued May 30, 1893. Appeal, No. 17, May T., 1893, by plaintiff, from judgment of C. P. Dauphin Co., Jan. T., 1892, No. 352, in favor of defendant, on appeal from tax settlement. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Appeal from tax settlement.

The opinion of the court below was as follows, by Mc-PHERSON, J. :

" This case was tried without a jury under the provisions of the act of 1874. We find the facts to be as follows :

" 1. The defendant is a corporation of this commonwealth chartered in July, 1887, under the general corporation act of 1874, for the purpose of ' manufacturing, buying, selling and dealing in lamps, gas and electric fixtures and art metal work : ' P. L. of 1889, page a 16. Its capital stock is $200,000.

" 2. During the tax year ending the first Monday of November, 1890, it declared no dividend and its capital stock was accordingly appraised at $200,000, upon which the tax of three mills now in question was laid under the twenty-first section of the revenue act of 1889.

" 3. During the said tax year all of defendant's capital stock except the sum of $7,000 was employed in the business of manufacturing lamps, gas and electric fixtures and art metal work in the city of Philadelphia; and the said sum of $7,000 was invested in similar articles bought from others in order to be sold by the defendant.

" 4. It is not engaged in the brewing or distilling of spirits

or malt liquors, and does not enjoy and exercise the right of eminent domain.

## "CONCLUSIONS OF LAW.

" The defendant's charter contains two distinct powers, namely: to manufacture, and also to buy, sell and deal as a merchant. These are not incident to each other, or so necessarily connected, that the grant of one carries with it a grant of the other. The power to manufacture, of course, implies a power to sell the article thus produced; but the power, both to buy and to sell, to buy goods in order to sell them afterwards, and to do this habitually and as a business, thus becoming a merchant or dealer, is not a necessary incident to the business of manufacturing. Manufacturers constitute a separate class from merchants or dealers (Com. v. Campbell, 33 Pa. 385; Com. v. Natural Gas Co., 2 Lanc. L. Rev. 41), and although the two characters may be united in one person they do not merge. If the defendant, therefore, is legally authorized by its charter to be both a manufacturer and a merchant, it cannot be said to be ' organized exclusively for manufacturing purposes ' (Com v. Mann Co., 150 Pa. 64; Com. v. Westinghouse Electric Co., 151 Pa. 265), and must be held to be taxable on the basis adopted by the accounting officers.

" Fortunately for the defendant, however, the mercantile clause in its charter gives it no lawful authority, and being simply void must be treated as if it did not exist. No act of assembly authorizes the incorporation of merchants or dealers, and, therefore, the apparent grant of power to carry on the business of dealing or of buying and selling is apparent only, and not real. It needs no argument or citation of authority to support the proposition, that a valid corporate power thus to carry on the business can only be given by virtue of a statute. It follows of necessity that the mercantile words drop out of the charter, and the defendant is left with the single power to manufacture. The case is thus on all fours with Commonwealth v. Mann Co., and, as in that instance, so here, the defendant is taxable only on such of its capital stock as was invested in its mercantile business.

" Our conclusions are:

" 1. The defendant is a corporation organized exclusively for manufacturing purposes and actually carrying on manufacturing within the state.

" 2. It is taxable upon the $7,000 of capital stock invested as described in paragraph 3.

" The commonwealth is entitled to recover as follows:

| | |
|---|---:|
| Principal, . . . . . . . | $21.00 |
| Interest at 12 per cent from November 10, 1891, to February 6, 1893, . . . . . . . | 3.13 |
| Attorney general's commission, . . . . | 1.05 |
| Total, . . . . . | $25.18 |

" For which amount we direct judgment to be entered if exceptions are not filed according to law."

Exception, inter alia, to the first conclusion of law, was dismissed and judgment entered.    Defendant appealed.

*Errors assigned* were dismissal of exceptions, quoting them.

*James A. Stranahan,* deputy attorney general, *W. U. Hensel,* attorney general, with him, for appellant, cited: Com. v. Lackawanna Iron & Coal Co., 129 Pa. 346 ; Com. v. Campbell, 33 Pa. 385 ; Com. v. Natural Gas Co., 2 Lanc. L. Rev. 41 ; Com. v. Mann Co., 150 Pa. 64 ; Com. v. Westinghouse Electric Co., 151 Pa. 265.

*Lyman D. Gilbert, John H. Weiss, Silas W. Pettit* and *John R. Read* with him, for appellee, cited: Acts of April 29, 1874, P. L. 73, and June 1, 1889, P. L. 420.

PER CURIAM, July 19, 1893:

All that can be profitably said on the controlling question in this case will be found in the opinion of the learned trial judge. We affirm the judgment on that opinion.

Judgment affirmed.

See, also, the next case.