## Commonwealth, Appellant, *v.* Vetterlein.

*Taxation—Mercantile taxes—Manufacturers—Stores and warehouses—Acts of April 22, 1846, P. L. 486, February 27, 1868, P. L. 43 and May 2, 1899, P. L. 184.*

In a suit against a manufacturer of cigars and smoking tobacco it appeared that the defendant had a six-story building in Philadelphia, the cellar of which was used for preparing tobacco, the front of the first floor for the office, and the rear for stamping, shipping, and the second story for stock. The third and fourth were used by the cigar makers, the fifth by the strippers, and the sixth by the packers. He had no counters or show cases for the display of goods. The sales made directly to customers who came to the factory were comparatively few. The rest were made upon orders mailed to the Philadelphia office by his customers, or by his traveling

salesmen.  He also had a cigar factory at Souderton, Montgomery county, to which he sent from his Philadelphia factory all the leaf tobacco that it used.  He made no sales there except occasionally a box of cigars to a neighbor.  The books of the entire business were kept at the Philadelphia factory, and all mail orders were received and the filling of them was directed from there.  Some of the cigars manufactured at Souderton were sent from there direct to his customers upon the orders received by him at the Philadelphia place of business.  The rest were brought to the Philadelphia factory, and were mingled and sold with the cigars made at that factory.  The defendants sold no cigars or smoking tobacco, and carried on no business at either of these places, except as stated.  *Held,* that the maintenance of a place in the Philadelphia factory for the purpose of selling the goods manufactured there as well as those of the same kind manufactured at the Souderton factory exclusively, and carrying on the business in the manner described, were such compliance with the provisions of the act of 1846 as exempted the defendant from liability under that act to a mercantile license tax upon the sales made at that place.


Argued Dec. 9, 1904.  Appeal, No. 147, Oct. T., 1904, by plaintiff, from judgment of C. P., No. 4, Phila. Co., March T., 1903, No. 4542, for defendant non obstante veredicto in case of Commonwealth v. Joseph S. Vetterlein, trading as Vetterlein Brothers.  Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.  Affirmed.

Appeal from Board of Mercantile Appraisers.  Before CARR, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Ira Jewell Williams,* with him *Franklin L. Lyle* and *Hampton L. Carson,* attorney general, for appellant.—The defendant has a place of business apart from the factory at which the goods are manufactured, and that he is concerned and interested in the manufacture of goods which are sold at a place other than the place of manufacture.  The Philadelphia factory, so called, is used for the purpose of storing and selling goods which are not made there.  The fact that defendant also manufactures other goods at his Philadelphia place of business is immaterial.  Otherwise a person having a store or warehouse apart from his factory could always evade the law by doing a

certain amount of manufacturing there. It is submitted that in the law the defendant must be regarded as having a store or warehouse apart from his factory for the purpose of vending goods: Com. v. Campbell, 33 Pa. 380 ; Com. v. Potter Sons & Co., 159 Pa. 583 ; Com. v. Bailey, Banks & Biddle Co., 20 Pa. Superior Ct. 210 ; Com. v. Teller, 144 Pa. 545 ; Norris Bros. v. Com., 27 Pa. 494 ; Berks County v. Bertolet, 13 Pa. 522.

*Rudolph M. Schick*, for appellee.—The act of 1846 was not meant to be a departure from this long-established policy, but to prevent persons who were not manufacturers from escaping the tax by a trick : Norris Bros. v. Com., 27 Pa. 494.

It is held in Boyd v. Hood, 57 Pa. 98, that a tax law cannot be extended by construction to things not named or described as the subject of taxation.

The appellant also urges that if defendant is not liable to the tax, a person might evade the law by doing a certain amount of manufacturing at his store. The question of an attempt to evade the law may always be submitted to the jury, and if it be found by them that the transaction is of that character, the party will be liable to the tax. But there is no pretense of such an attempt by this defendant. A case could not be presented which is clearer of an attempt to evade the tax.

Under the act of 1899 manufacturers are not liable to the tax, even though they do have a store apart from their factory for the purpose of vending their own manufactures.

OPINION BY RICE, P. J., October 9, 1905 :

The defendant is a manufacturer of cigars and smoking tobacco, which business he carries on in this way : He has a six-story building in Philadelphia, the cellar of which is used for preparing tobacco, the front of the first floor for the office and the rear for stamping and shipping, and the second floor for stock ; the third and fourth are used by the cigar makers, the fifth is used by the strippers, and the sixth by the packers. He has no counters or show cases for the display of goods. The sales made directly to customers who come to the factory are comparatively few. The rest are made upon orders mailed to this Philadelphia office by his customers or by his traveling salesmen. He also has a cigar factory at Souderton, Mont-

gomery county, to which he sends from his Philadelphia factory all the leaf tobacco that it used. As to the sales made there his undisputed testimony is : " We do no selling up there. There may be a box of cigars you sell to a neighbor, but they have no books at Souderton at all." The books of the entire business are kept at the Philadelphia factory and all mail orders are received there and the filling of them is directed from there. Some of the cigars manufactured at Souderton are sent from there direct to his customers upon the orders received by him at the Philadelphia place of business; the rest are brought to the Philadelphia factory and are mingled and sold with the cigars made at that factory. The defendant sells no cigars or smoking tobacco, and carries on no business, at either of these places, except as above stated.

The commonwealth's counsel base their contention, that the defendant is liable for the mercantile license tax assessed by the board of mercantile appraisers of Philadelphia, upon the proposition that the provisions of the 11th section of the Act of April 22, 1846, P. L. 486, and the Act of February 27, 1868, P. L. 43, are still in force and are to be applied in connection with the provisions of the Act of May 2, 1899, P. L. 184. They do not claim that he is liable, if he belongs to the class of manufacturers described in the proviso of the 11th section of the act of 1846 or in the act of 1868 ; they do claim that he does not belong to that class of manufacturers because he has a store or warehouse apart from his Souderton factory for the sale of the goods manufactured at that factory. The defendant's counsel contends : first, that his client belongs to the class of manufacturers above referred to ; second, that since the passage of the act of 1899 a manufacturer is not liable to the tax, even though he has a store apart from his factory for the purpose of vending his own manufactures.

Does the defendant belong to the class of manufacturers above referred to ? If that question be answered in the affirmative the question involved in defendant's second proposition need not be discussed. The 11th section of the act of 1846 treats of two general classes of persons and declares that they shall be classified in the same manner and required to pay the same annual tax and license fee as was provided and required in relation to dealers in foreign merchandise. These

two classes are : (1) " all dealers in goods, wares, and merchandise, the growth, product and manufacture of the United States " ; (2) " every person who shall keep a store or warehouse for the purpose of vending and disposing of goods, wares and merchandise, where such person is concerned or interested in the manufacture of such goods, wares and merchandise." " A dealer," said Mr. Justice BLACK, " in the popular, and therefore in the statutory, sense of the word, is not one who buys to keep, or makes to sell, but one who buys to sell again. He stands intermediately between the producer and the consumer, and depends for his profit, not upon the labour he bestows on his commodities, but upon the skill and foresight with which he watches the markets : " Norris Brothers v. Commonwealth, 27 Pa. 494. " Dealers are the middlemen between the manufacturer or the producer and the consumer : " LOWRIE, C. J., in Commonwealth v. Campbell, 33 Pa. 380. See also Commonwealth v. Gormly, 173 Pa. 586 ; Commonwealth v. Robb, 14 Pa. Superior Ct. 597. Under all the cases, excepting perhaps Berks County v. Bertolet, 13 Pa. 522, a person doing business in the manner pursued by the defendant in this case is not a " dealer " within the meaning of the act of 1846. But if the act had stopped here, there would have been room for argument that the building in which the sales were made was both a manufactory and a store or warehouse, and therefore such person would have been taxable as though he were a dealer. But a manufacturer must sell his wares, and to tax him as though he were a dealer upon all his sales, no matter where made, would have been in effect to subject the business of manufacturing to a mercantile license tax, which would have been contrary to the legislative policy relative to manufacturers as exhibited by all the mercantile license acts passed prior to 1846. That the legislature intended to adhere to this policy is shown by the proviso which reads as follows : " provided, that mechanics who keep a store or warehouse at their own shop or manufactory, for the purpose of vending their own manufactures exclusively, shall not be required to take out any license." This is precisely what the defendant does, if we assume that the second story and the office of his building are a store or warehouse within the meaning of the act. True this store or warehouse is not kept at the place

where all of the cigars are manufactured, but the words of the act do not require that it shall be. It is in his factory, a building used in connection with the Souderton building for the purpose of his manufacturing business, and the articles manufactured in both places are of the same kind. We do not say that the buildings constitute but one factory. That is not the point to which this discussion tends; nor is it the point that must be established in order to sustain the judgment under review. The point is that no absurd result will be reached and that no apparent purpose of the legislature will be defeated, if we give to the words of the statute their ordinary meaning. In order to adopt the construction contended for by the commonwealth's counsel we must assume that the legislature meant by the words "their own manufactures" their goods manufactured at the shop or manufactory where the store or warehouse is kept. But this is not what the legislature said. And having regard to the manifest purpose to permit manufacturers to sell their own manufactures under reasonable restrictions, without being liable to the mercantile license tax, the reasonable and natural supposition is that if they had intended to make the restriction as broad as the commonwealth's counsel claim they would have said so in unmistakable terms. It is argued that if the construction contended for is not adopted a person having a store or warehouse apart from his main factory could always evade the tax by doing a certain amount of manufacturing there. This argument from the consequences that might ensue is opposed by an argument of the same nature that inequality would result if a manufacturer carrying on his business as the defendant does would be liable to the tax and one carrying on a business of precisely the same kind and volume, but keeping a store or warehouse at each place for the sale of goods there manufactured, would not be. But we are not prepared to concede that the statute could be so easily evaded in the manner above suggested if the construction contended for is not adopted. We do not decide what the result would be if the manufacturing done at the Philadelphia factory were so small as to justify the conclusion that it is a mere subterfuge; for this is not that kind of a case. When such a case arises it will be proper to consider

whether the place at which the goods are sold is in reality a manufactory within the true intent and meaning of the act. Seeing no adequate reason, which may be considered in the construction of statutes, for departing from the ordinary meaning of the words used by the legislature in this act, we hold that the maintenance of a place in the Philadelphia factory for the purpose of selling the goods manufactured there, as well as those of the same kind manufactured at the Souderton factory, exclusively, and carrying on the business in the manner described at the outset of this opinion, were such compliance with the provisions of the act of 1846 as exempted the defendant from liability, under that act, to a mercantile license tax upon the sales made at that place.

The act of 1868 declared the true intent and meaning of the 11th section of the act of 1846 to be " that a manufacturer or mechanic, not having a store or warehouse apart from his manufactory or workshop, for the purpose of vending goods, . . . . shall not be classified or required to pay the annual tax and license as is now required in relation to foreign dealers." It is quite evident that this act was not intended to be a complete substitute for the 11th section of the act of 1846 ; nor is it apparent that it was intended as a complete substitute for the proviso. Certainly no such intent is expressed, and it is not necessary to imply it in order to give full effect to the words. They do not expressly impose liability to the tax upon anyone. They relate to exemption from liability, and their requirements would be satisfied by holding that they enlarge the class intended to be covered by the proviso, so as to include a manufacturer, who has no store or warehouse, either apart from or at his manufactory, for the purpose of selling his manufactures, but who sells them elsewhere in the manner described in Berks County v. Bertolet, or some similar manner. Under that decision such manufacturers would not be exempt ; and while the decision was criticized in Norris Bros. v. Commonwealth, and was practically overruled in Commonwealth v. Campbell, decided in 1859, yet in view of one or two later common pleas decisions, one as late as 1862, and the language of the proviso, there was occasion for legislation to remove the doubt whether the case of such manufacturer was within the proviso construed according to its true intent and meaning.

This, we conceive, was the purpose, at least one of the purposes, which the legislature had in view ; we discover no clear intent to make anyone liable to the tax who would not have been liable if the act had not been passed.

In view of the conclusions we have reached relative to the acts of 1846 and 1868, it will be unnecessary, as already stated, to discuss the question involved in the second proposition of defendant's counsel. We are not to be understood as conceding the proposition.

Judgment affirmed.

BEAVER, PORTER and MORRISON, JJ., dissent.