H. J. Heinz Company, Appellant, *v.* Pittsburgh.

436

Argued November 16, 1951.   Before RHODES, P. J.,
HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER,
JJ.

*Frank W. Ittel,* with him *Carl E. Glock, Jr.* and
*Reed, Smith, Shaw & McClay,* for appellant.

*J. Frank McKenna, Jr.,* Assistant City Solicitor,
with him *Anne X. Alpern,* City Solicitor, for appellees.

OPINION BY HIRT, J., March 18, 1952:
Equity will enjoin taxation for want of power to
tax. *Jamison C. & C. Co. v. Unity Twsp. Sch. Dist.,*
362 Pa. 389, 66 A. 2d 759, especially where as here, the
provision for an appeal in a city ordinance fails to
provide an adequate remedy for contesting the assess-
ment.   Alleging lack of authority to tax, the plaintiff
in this equity proceeding sought to restrain the collec-

tion of an additional mercantile license tax over and above an amount admittedly due, under an assessment by the City of Pittsburgh for the year 1950. The lower court sustained preliminary objections raised by the city in its answer and dismissed the bill. The decree will be reversed.

By ordinance No. 488 the city imposed a mercantile license tax for the year 1948 and annually thereafter, on wholesale and retail vendors or dealers in goods, wares and merchandise. Under the ordinance the amount of the tax is based on "the annual gross . . . business transacted" by the vendor. There is a limitation on the operation of the ordinance, however, by the provisions in §1(d), that dealers subject to the tax "shall not include . . . any person vending or disposing of articles of his own growth, production or manufacture for shipment or delivery from the place of growth, production or manufacture thereof."

Plaintiff's bill is not as explicit as might be desired. We take it as conceded however that the appellant paid so much of the tax for 1950 as was assessed on food products and goods manufactured or processed by others, but sold by it in Pittsburgh; and that in making the levy the city did not assess products manufactured or processed by appellant within the city and sold from its Pittsburgh plant. The lower court in dismissing the bill assumed that the goods in question were sold from stores apart from any of appellant's manufacturing plants. We need not decide whether the court was right in concluding that a valid assessment may be based on such sales of goods. That question is not before us. Appellant's printed argument contains this statement: "The assessment in question is on the receipts from sales from appellant's own manufacturing establishment in Pittsburgh of goods manufactured in appellant's plants elsewhere." In disposing of this appeal

we assume that to be a correct statement of fact under the averments of the bill. The statement was not questioned at the argument before us. The amount of the tax in controversy has been stipulated to be $1,650.69.

Under §1 of Art. XV of the Constitution of this State the Legislature may delegate to cities the power to levy, assess and collect taxes, for general revenue purposes, subject however "to such restrictions, limitations and regulations, as may be imposed by the Legislature." But as to the raising of revenue by taxation, as in other phases of the exercise of local self-government, cities have only such powers and authority as have been delegated to them by the Legislature, within the restrictions, limitations, and regulations imposed. Cf. *Blauner's Inc. et al. v. Phila. et al.*, 330 Pa. 342, 198 A. 889.

Authority for the tax in question must be found in the Act of June 25, 1947, P.L. 1145, as amended by the Act of May 9, 1949, P.L. 898, 53 PS §2015.1, or not at all. The 1947 Act delegated broad taxing powers to certain municipalities, including Pittsburgh as a city of the second class. By the Act, authority was conferred on cities of the second class, by ordinance or resolution, to "levy, assess and collect . . . such taxes on persons, transactions, occupations, privileges, subjects and personal property within the limits of such political subdivisions, as they shall determine . . ." with three exceptions, viz.: (1) on any of the above classifications then, or thereafter to become, subject to a State tax or license fee; (2) on the gross receipts of a public utility and (3) a tax on the privilege of employing such tangible property "as is now or does hereafter become subject to a State tax."

Appellant does not raise the question whether the tax here involved, is void under recent decisions of our

Supreme Court, on the ground that it is an additional tax assessed against a corporation subject to a State capital stock tax and a State corporate income tax. We also will pass that question.

Regardless of the effect of the 1947 Act, we are in entire accord with appellant's contention that the ordinance is rendered wholly inoperative as to the excise tax in question by the amending Act of May 9, 1949, P.L. 898, 53 PS §2015.1. The amendment imposed a further limitation on the power of the city by adding a fourth exception to the taxing authority of the city delegated by the 1947 Act. That exception strikes down the city's power "(4) to levy, assess and collect a tax on goods and articles manufactured in such political subdivision or on the by-products of manufacture, . . . *or on any privilege, act or transaction related to the business of manufacturing,* the production, preparation or processing of . . . farm products, by manufacturers, by producers and by farmers with respect to the goods, articles and products of their own manufacture, production or growth . . ." (Emphasis added.)

The tax, under the ordinance, is an excise tax on the privilege of doing business. *Federal Drug Co. v. Pittsburgh et al.,* 358 Pa. 454, 57 A. 2d 849. But the sale of the products of manufacture is an essential part of the business of manufacturing; the power to manufacture implies the power to sell what it thus produced. *Com. v. Thackara Mfg. Co.,* 156 Pa. 510, 27 A. 13. There is no merit therefore in the city's contention that when appellant sold its own products at a place other than the factory where they were produced it abandoned the role of manufacturer and became a dealer subject to be taxed as such under the ordinance in question. Manifestly this appellant is not within Mr. Justice BLACK's classic definition of a *dealer,* in *Norris Brothers v. The*

*Commonwealth,* 27 Pa. 494. Appellant, as to the tax in question, is not "one who buys to sell again", but is a manufacturer who "makes to sell." It is only by selling what it makes that a manufacturer can realize its profit from manufacturing. The tax in question based on the gross sales at its Pittsburgh plant of products of the Heinz Company, manufactured at its plants elsewhere, is a tax on "a privilege, act or transaction related to the business of manufacturing" which is forbidden by the 1949 amendment of the Act, supra. Cf. *Commonwealth v. Vetterlein,* 214 Pa. 21, 63 A. 192.

Within constitutional limitations the Legislature has the power to tax corporations in any manner and under any classifications adopted by it in its legislative discretion. The Legislature might have classified manufacturers as dealers also, and subjected them to a tax as such, except as to goods sold from the place of manufacture, but it has not done so. It apparently is a part of the policy of the Legislature of Pennsylvania in fostering industry to reserve to itself the taxation of manufacturing in all of its phases. The 1949 amendment in prohibiting the taxation of *"any* privilege, act or transaction *related* to the business of manufacturing" is a manifestation of that policy.

The tax in question, on the facts before us, is void for want of any delegated power in the city to levy the tax.

The decree is reversed and plaintiff's bill reinstated.