Newville Borough, Appellant, *v.* Dewalt.

Argued March 9, 1953. Before RHODES, P. J., RENO, ROSS and WRIGHT, JJ. (HIRT, DITHRICH and GUNTHER, JJ., absent).

*John McCrea,* with him *W. H. McCrea, Jr.,* for appellant.

*E. M. Biddle, Jr.,* with him *Merrill F. Hummell,* for appellee.

OPINION BY RHODES, P. J., July 14, 1953:

This was an action of assumpsit by the Borough of Newville to recover a penalty of $200 from defendant for failure to pay a tax under an ordinance imposing a tax of $25 per year "on every gasoline, kerosene, oil pump or tank on or under any public Highway of the Borough of Newville, including sidewalks and curbs or adjacent thereto." Defendant operated during the year 1948 two gasoline pumps on land owned by him and his wife, and he refused to pay any tax under the ordinance. The ordinance was allegedly enacted by the Borough on June 4, 1948, to be effective July 7, 1948, under the authority of the Act of June 25, 1947, P. L. 1145, 53 PS §2015.

The Borough initially brought suit before a justice of the peace to recover the penalty of $200 provided in the ordinance for failure to pay the tax. The Court of Common Pleas of Cumberland County upon petition by the defendant allowed an appeal from the judgment entered by the justice of the peace. Pleadings in the form of complaint and answer were filed in the court below. The parties agreed that the case be heard by the court without a jury under the provisions of the Act of April 22, 1874, P. L. 109, 12 PS §688 et seq.

The principal question of law raised by the parties on the agreed facts before the court below was whether the taxing ordinance had been properly advertised as

provided by section 2 of the Act of June 25, 1947, P. L. 1145,[1] and was therefore valid. As the court below stated in its adjudication: "Counsel for the defendant contends that judgment in this action should be entered in his favor on the ground that the ordinance is invalid because the provisions of the statute relative to advertisement had not been met when the ordinance was passed." Before the lower court the parties stipulated certain facts relating to passage of the ordinance, particularly the dates on which the ordinance was advertised. Thus it was agreed that the Borough Council gave notice of intention to pass the ordinance by advertisement in a local newspaper in the issues of May 12, 19, 26, and June 2, 1948. Council met on June 4, 1948, and purported to pass the ordinance to be effective on July 7, 1948. The court below ruled that, under the Act of 1947 and the Statutory Construction Act of May 28, 1937, P. L. 1019, §39, 46 PS §539, at least four successive weeks must elapse between the first publication of notice and the day on which council acted on the ordinance. Accordingly, since the agreed facts showed that a total of four successive weeks had not so elapsed, the court below held that the entire ordinance was invalid for lack of conformity with statutory requirements as to advertising; that on this ground no tax was due under an invalid ordinance. *Fierst v. William Penn Memorial Corp.*, 311 Pa. 263, 266, 166 A. 761; *Kline v. Harrisburg*, 362 Pa.

---

[1] "Prior to the passage of any ordinance . . . imposing a tax or license fee under the authority hereunder granted, such political subdivision shall give notice of the intention to pass such ordinance . . . Such notice shall be given in addition to all other notices required by law to be given . . . Publication of such notice shall be made by advertisement once a week for four weeks in a newspaper of general circulation . . ." Act of June 25, 1947, P. L. 1145, §2.

438, 68 A. 2d 182. The Borough's exceptions to the trial court's conclusions of law were dismissed, and judgment entered by the court in favor of the defendant taxpayer.

On appeal to this Court, the Borough does not question or allege error in the trial court's ruling that the taxing ordinance was invalid for failure to advertise as directed by statute. Appellant raises only one question, which may be stated as follows: Where the borough sues a defendant to recover a penalty provided for in a tax ordinance, may the defendant set up the invalidity of such ordinance in the suit, or is defendant limited to the statutory right of appeal from enactment of the ordinance or to review by bill in equity. This question was raised and passed upon in the court below.

It is clear that equity will enjoin taxation where there is want of power to tax. *Dougherty v. Philadelphia,* 314 Pa. 298, 171 A. 583; *English v. Robinson Township School District,* 358 Pa. 45, 55 A. 2d 803; *Jamison Coal & Coke Co. v. Unity Township School District,* 362 Pa. 389, 392, 66 A. 2d 759; *Pittsburgh Coal Co. v. Forward Township School District,* 366 Pa. 489, 495, 78 A. 2d 253; *H. J. Heinz Co. v. Pittsburgh,* 170 Pa. Superior Ct. 435, 436, 87 A. 2d 96. And it is equally well settled that, where a specific statutory remedy is provided by which the validity of an ordinance may be challenged as by appeal from enactment, this statutory remedy is ordinarily exclusive, especially where the attack on the ordinance concerns procedural regularity in its enactment. *Griffith v. McCandless Township,* 366 Pa. 309, 313, 77 A. 2d 430. Thus in *Pittsburgh Coal Co. v. Forward Township School District,* supra, 366 Pa. 489, 493, 78 A. 2d 253, 255, the Supreme Court made the statement that the remedy of appeal "by taxpayers of a political or municipal sub-

division, of certain number or amount, to the Court of Quarter Sessions of the County within thirty days of the passage of a taxing resolution enacted pursuant to the authority conferred" by Act No. 481 of 1947 was exclusive to the extent that a taxpayer who paid a tax under an ordinance later declared invalid for want of power to tax was prevented from recovering the tax so paid in an action of assumpsit against the taxing authority.

In the present case the taxing authority brought suit in court to recover a penalty for failure to pay the tax, and the taxpayer could raise any valid defense to this action which he had. The statutory remedy of appeal was not exclusive, especially as here there was some question as to its adequacy. Cf. *H. J. Heinz Co. v. Pittsburgh,* supra, 170 Pa. Superior Ct. 435, 87 A. 2d 96. Section 3 of the Act of June 25, 1947, P. L. 1145, does not give *any person affected thereby* the right to appeal the taxing ordinance within thirty days after enactment, but limits the right of appeal to "taxpayers, representing 25% or more of the total valuation of real estate in the political subdivision as assessed for taxation purposes, or taxpayers of the political subdivision not less than 25 in number aggrieved by the ordinance or resolution." We need not pass generally upon the question of the adequacy of this statutory remedy of appeal. It is sufficient to note that it is questioned in that respect. Under such circumstances, the statutory remedy cannot be held to prevent the defendant from raising the defense interposed to the suit for a penalty. In addition, it is plain that the statutory remedy of appeal within thirty days of alleged enactment of the ordinance would not be available to persons who allegedly became subject to the tax after the expiration of the thirty day appeal period.

Where the taxing ordinance contains no provision

for appeal from enactment, the taxpayer may raise any available defense and obtain judicial review of the validity of the ordinance when sued for the tax. In *Dole v. Philadelphia,* 337 Pa. 375, 382, 11 A. 2d 163, 167, the Supreme Court, adopting the opinion of the court below upholding the constitutionality of the 1939 ordinance of the City of Philadelphia imposing a tax on salaries and wages, stated : "It is further urged by the plaintiff [a taxpayer who brought a bill in equity seeking to declare the ordinance invalid] that the 1939 ordinance is invalid because it contains no provision for hearing, appeal or judicial review, all of which were provided for in the 1938 ordinance. We do not regard this objection as being well founded. The Receiver of Taxes does not have authority to enter a judgment or a lien or to make a distraint or, in any other way, immediately to collect against the will of the taxpayer the amount of any tax assessed by him. On the contrary, the ordinance requires him to bring suit for recovery of the amount he claims and, in such suit, the taxpayer necessarily has his opportunity for hearing, appeal and judicial review."

Furthermore, in the court below the Borough joined issue on the question of whether the ordinance was properly advertised, and stipulated the facts under which the court held the ordinance invalid upon this ground. In so doing the Borough agreed that the procedural validity of the taxing ordinance should be passed upon by the court. The Borough now finds itself in the position of a plaintiff, who, on stipulated facts, is shown to have no cause of action. Consequently, the Borough is precluded from alleging on appeal that the taxpayer could not interpose the defense which the Borough agreed should be decided by the court. Strictly speaking, therefore, the Borough, as appellant, has no standing here, and the appeal might well be

quashed upon this ground. However, for reasons stated in this opinion, the trial court was correct in entering judgment for the defendant in the action.

Judgment is affirmed.