## Diehl v. Spring Grove Area School District

*C. A. Lingg,* for plaintiff.
*Paul N. Yost,* for defendants.

ATKINS, P.J., July 6, 1965.—The Spring Grove Area School District, by resolution adopted May 27, 1964, imposed a tax for general revenue purposes "upon salaries, wages, commissions and other compensation earned during the period beginning July 1, 1964 and

ending June 30, 1965." Section III of the resolution imposes the tax in the following language: "A tax for general revenue purposes of one (1%) per cent is hereby imposed for the fiscal year on the following: (a) salaries, wages, commissions and other compensation earned by residents of Spring Grove Area School District during the fiscal year; (b) Net profits earned by residents of Spring Grove Area School District during the fiscal year . . ."

In section II, "fiscal year" is defined "the period commencing July 1, 1964, and ending June 30, 1965, both dates inclusive."

Section IV provides for the filing on or before March 15, 1965, of a return showing an estimated amount of salaries, wages, etc., and for payment of the estimated tax due thereon and the filing of a return on or before July 31, 1965, with payment of the balance of the tax due, if any. This section then provides: "Notwithstanding the foregoing provision of Section IV providing for the filing of an estimate of taxpayer's taxable income on or before March 15, 1965, and the filing of a final return on or before July 31, 1965, any taxpayer whose fiscal year is the calendar year may, at his option, elect to file a return based upon the income earned by him during the full calendar year which would have been taxable under the terms of this Resolution had it been effective as of January 1 of such year. In the event the taxpayer elects to file his return based on the preceding calendar year, he shall make and file with the tax collector on or before March 15, 1965 a final return on a form furnished by or obtainable from the tax collector showing the aggregate amount of salaries, wages, commissions and other compensation or net profits earned by him during the preceding calendar year, the total amount of tax due had this Resolution been effective as of January 1 of the said calendar year, and shall at the time of filing there-

of pay to the tax collector the amount of tax shown as due thereon.

"After a taxpayer shall have elected to file either on a fiscal year or a calendar year basis, he shall not be permitted to change the method of filing should an earned income tax be re-enacted by Spring Grove Area School District for the subsequent year."

Plaintiff objects to this provision of section IV and has filed a complaint in equity seeking to enjoin the collection of any tax on wages, etc., earned during the period from January 1, 1964, to June 30, 1964. No other portion or provision of the resolution is questioned. A preliminary injunction is sought. When the case came on for hearing on the rule to show cause why a preliminary injunction should not issue, the school district filed preliminary objections to the complaint.

These objections raised two basic questions, which may be stated to be:

(1) Equity has no jurisdiction since a method of appeal is provided by section 3 of the Act of June 25, 1947, P. L. 1145 as amended, 53 PS §6853, which is the exclusive method of attacking taxing resolutions or ordinances enacted under the authority of that statute, and

(2) The resolution does not exceed the authority of the school district to tax, nor does it violate the uniformity provisions of the Constitution of Pennsylvania set forth in article IX sec. 1.

The attack made on the resolution is based on the argument that the school district has no authority or power under the Act of June 25, 1947, P. L. 1145, to provide for the optional method of reporting and computing the tax imposed. Where the attack is one of this nature, equity has jurisdiction: Jamison Coal & Coke Company v. Unity Township School District, 362 Pa. 389; H. J. Heinz Company v. Pittsburgh, 170 Pa. Superior Ct. 435.

Plaintiffs contend that by the election permitted in section IV of the resolution whereby taxpayers whose fiscal year is the calendar year may compute and pay the tax using as the basis the income earned during the calendar year, this constitutes an imposition of tax on income earned prior to the effective date of the resolution, and of course also prior to 30 days after the effective date of the resolution, and thus violates section 3 of the Act of 1947, P. L. 1145.

By its terms the resolution clearly imposes the tax for the school year beginning July 1, 1964, and ending June 30, 1965. What is permitted by section IV of the resolution is an election to taxpayers whose fiscal year is the calendar year to measure their tax by income earned within the calendar year instead of the school fiscal year. This has been permitted in instances particularly where mercantile taxes have been levied. See Goldstein v. Pittsburgh School District, 372 Pa. 188. There is no less uniformity in this resolution than there is in the mercantile tax cases. The resolution did not go into effect until more than 30 days after its adoption as it did not become effective until July 1, 1964, and no tax was due prior to that time. Consequently, the objections made and discussed in Rutherford v. City of Lancaster, 19 D. & C. 2d 89, and Conewago Township v. Bair, 32 D. & C. 2d 680, would not apply in this case.

We accordingly conclude that section IV of this resolution does not offend the Constitution and is within the authority granted by the Act of 1947, supra, and, therefore, the preliminary objections filed by defendants are well taken and must be sustained. Since the only objection to the resolution is based on the invalidity of Section IV of the resolution, there would seem to be no way in which the complaint could be amended to state a cause of action. Therefore we enter this order:

And now, to wit, July 6, 1965, at 10 a.m. (EDST), it is ordered, adjudged and decreed that the pre-

liminary objections herein filed by defendants be and are hereby sustained and the complaint dismissed. An exception is granted to plaintiff to the action of the court in this regard.