**Williams Grove, Inc., Appeal**

*John M. Eakin,* for appellant.

*Richard C. Snelbaker,* for appellees.

SHUGHART, P. J., August 7, 1972.—These actions arise from appeals by Williams Grove, Inc., from tax deficiencies which were assessed by appellees, the Township of Monroe (hereinafter referred to as the township), and the Cumberland Valley School District, formerly the Monroe Township School District, (hereinafter referred to as the school district). Written notice of the assessments was given to appellant on June 27, 1970. The assessments were made to collect

unpaid amusement taxes which appellees claim are due for the years 1963 through 1968 pursuant to ordinances of the township and resolutions of the school district.

Appellant was granted hearings on the deficiency assessment by the township on November 10, 1970, and by the school district on November 11, 1970. Appellant received adverse decisions in both cases and subsequently appealed to this court as provided for in the ordinances and resolutions in petitions filed here on December 4, 1970, and December 10, 1970, respectively. The appeals were consolidated for hearings which were held before the court on March 17, April 14, and August 18 of 1971. Oral argument was held on April 18, 1972. A decision was delayed by the court pending settlement negotiations which were fruitless. The cases were consolidated for hearing and at oral argument, and they will be treated together because many, although not all, of the issues raised are the same.

In the first instance, appellant contends that the ordinances of the township are invalid because of various defects in enactment, improper filing and recording. Williams Grove also argues that the back taxes for the years 1963 through 1967 are uncollectable because of the statute of limitations. Finally, appellant contends that the tax rates, as provided for by the ordinances and resolutions (the ordinances and resolutions were reenacted and made operative each year for which the taxes were levied), are being improperly calculated and incorrectly applied to certain of the amusements in the park and prays for the court to determine the proper assessment.

The Local Tax Enabling Act of June 25, 1947, P.L. 1145, sec. 3, 53 PS §6853, and its successor, the Act of December 31, 1965, P.L. 1257, sec. 6, 53 PS §6906,

both provide for a 30-day period in which a taxpayer can appeal the validity of a taxing ordinance. This remedy by appeal is not the exclusive remedy available to a taxpayer who has not previously made payment under the tax ordinance: Borough of Newville v. Dewalt, 3 Cumb. L.J. 30, affirmed 173 Pa. Superior Ct. 254. However, the payment of taxes by appellant under the ordinances without questioning their validity for a period of seven years, while the taxing authorities have utilized the taxes collected thereunder for public purposes, now precludes appellant from attacking the ordinances through the application of the doctrines of waiver and laches: Jones v. Oxford Area School District, 3 Com. Ct. 102 (1971). We conclude, therefore, that appellant is barred from raising objection to the enactment of the ordinance or any improper filing or recording thereof.

The 1947 Local Tax Enabling Act, supra, did not contain a statute of limitations regarding collection of unpaid taxes. The Act of 1947, however, was amended by the Act of December 1, 1959, P.L. 1670, sec. 11, to provide that no assessment could be made of any tax imposed under the act more than five years after the date on which the tax should have been paid "except where a fraudulent return or no return has been filed." This provision was reenacted in the Act of December 31, 1965, P.L. 1257, sec. 16, 53 PS §6916, and thus is applicable here to bar all of the taxes claimed due prior to June 27, 1965. Appellant contends that section 3 of the Act of 1965, 53 PS §6913(VII)(b), which establishes a three-year statute of limitations, is applicable to this case. A careful reading of the provision, however, indicates that the three-year limitation of actions applies only to the earned income tax.

In determining what taxes are due, it is important

to consider how the taxes should have been calculated with regard to the enactments in question. Section 2 of the tax resolution of the school district (those of the township use substantially the same wording), provides that: "the tax is hereby imposed upon the admission fee or privilege to attend or engage in any amusement within the Cumberland Valley School District at the rate of 3% of the admission price which shall be paid by the person acquiring such privilege . . ."

It is obvious from the description of the tax that the intention is that it be paid by the patron and not by the amusement producer. Our courts have held, however, that when the producer has not properly collected the tax, it may be calculated upon the gross receipts: Moon Schools Union School District v. Tiglio, 183 Pa. Superior Ct. 67 (1956).

It is also clear that there is no provision in the instant enactments regarding how the tax is to be applied when the amount to be paid is fractional, because it is not possible for a customer to pay a fraction of a cent: Moon Schools Union School District v. Tiglio, supra. We must, therefore,. determine upon what basis the tax is to be calculated.

The ordinances and resolutions are silent as to the type of taxing schedule to be utilized to calculate the amount of tax payable. Comparisons with the six percent sales tax and the gasoline or cigarette tax statutes are inapposite. The Sales and Use Tax provides its own scale, establishing the amount of tax for a specific amount spent on a purchase: Act of March 4, 1971, P.L. —, (No. 2) art. II, sec. 203, 72 PS §7203. The gasoline tax is fixed as eight cents for each gallon or fraction thereof, Fuel Use Tax Act as amended by Act of March 3, 1970, P.L. 111, (No. 42), sec. 1, 72 PS §2614.4;. and the cigarette tax is nine-

tenths of a cent per cigarette which is 18 cents per standard pack: Cigarette Tax Act of July 22, 1970, P.L. 513 (No. 178), art. II, sec. 201, 72 PS §3169.201. The tax rates imposed by appellees do not resolve themselves into whole-cent taxes on the specific admissions charged.

As we have already stated, the validity of the ordinances and resolutions cannot be questioned, but in their interpretation they must be construed in the light most favorable to the taxpayer. This holding is mandated by the decisions applying the Statutory Construction Act of May 28, 1937, P.L. 1019, sec. 58, 46 PS §558, to enactments of inferior legislative bodies. In Kohn v. City of Philadelphia, 151 Pa. Superior Ct. 635 (1943), the court said, at page 639:

"In the interpretation of the ordinance the rule of strict construction is to be applied, and any doubt as to the imposition of the tax should be resolved in favor of the alleged taxable."

Likewise, the Supreme Court held in Tax Review Board v. Green, 409 Pa. 448 (1963), at page 454:

"In ascertaining the intent of the framers of the ordinance . . . Any doubt about the interpretation must be resolved in favor of the taxpayer and against the taxing authority."

We, therefore, construe the ordinance and resolution to mean that no tax is to be paid until a full cent of tax has accrued, because otherwise a taxpayer subject to a fraction of a cent of tax, being unable to pay less than one full cent, would be subject to a higher rate of taxation than one whose tax amounted to one full cent. We further hold that the amount of tax payable does not increase until an additional full cent of tax has accrued. Practically, this means that the school district's three percent levy is not imposed on admissions under 34 cents and the township's two

percent levy is not imposed on fees under 50 cents. Furthermore, the school district's tax increases only as the admission increases in 33⅓ cent increments and, as to the township tax, in 50 cent increments. The three percent tax is, therefore, calculated at one cent on admissions of 34 to 67 cents, two cents on admissions of 68 to 99 cents, et cetera. The two percent tax is payable as one cent on admissions of 50 to 99 cents, and two cents on admissions of one dollar, et cetera.

The coin-operated machines at Williams Grove are taxable within the meaning of the ordinances and resolutions as included in the provision taxing "amusement park and all forms of entertainment therein." It is also established that such machines are taxable under the Local Tax Enabling Act, supra: Fierro v. City of Williamsport, 384 Pa. 568 (1956). There is no evidence, however, that the admissions charged upon these machines reached or exceeded the minimum fees taxable and, therefore, the gross receipts from these machines cannot be included in determining the amount of back taxes to be paid.

We have no difficulty in reaching the conclusion that Williams Grove, Inc., is the "producer" as that term is defined in section II(d) of the ordinances and section I(d) of the resolutions, with respect to concessions at the park which were operated by others, and, therefore, appellant was responsible for the collection of the tax. See Ridge Bowling Academy, Inc. v. Plymouth Township, 77 Montg. L.R. 233 (1961).

The concessionaires would have been the "producers" had they been qualified as such by acquiring the amusement operator permits prescribed by the ordinances and resolutions. Both appellant and appellees were negligent in not requiring them to do so. Since the concessionaires deal directly with the patrons and only pay rent to Williams Grove, Inc.,

they would certainly have been the logical persons to collect the tax.

The situation is further confused by the fact that there is no record of the actual gross receipts, and by the fact that there is no evidence indicating that any of these concessions except the locomotive even charged a taxable admission. We, therefore, find as a fact that there is insufficient basis upon which to assess any tax against the concessions.

The ticket books sold by appellant and all other groups of tickets sold for a taxable amount constitute a single admission fee and are taxable on the price paid for the entire lot of tickets purchased. See Ridge Bowling Academy, Inc. v. Plymouth Township, supra; York Township v. Suburban Bowlerama, 78 York L.R. 7 (1964). The only testimony as to the amount of ticket books sold was that they constituted 70 percent of the sales from the central ticket booth. However, since it was obvious that the tickets sold in bulk were taxable and Williams Grove, Inc., failed to keep accurate records, the total receipts will be used as the tax base. Since there is no evidence that the tickets to Kiddie Land or the other individual rides were sold in bulk, they are not taxable, inasmuch as the evidence indicates the individual admission charges for such amusements did not reach a taxable amount.

In computing the tax due, we have calculated the three percent and two percent tax upon the gross receipts of the central ticket booth sales of the Country Western Theater and the Speedway. Williams Grove, Inc., was negligent in failing to keep proper records from which the taxes could be calculated and for this reason the tax will be based upon the gross receipts: Moon School Union School District v. Tiglio, supra. On the other hand, the taxing authorities were lax in accepting incomplete returns from the appellant

which prevented a proper calculation of the tax obligation. Because of the dereliction of the taxing authority, we shall assess no penalty and shall allow interest only from the entry of the judgment on this order.

As indicated earlier, the collection of taxes levied prior to June 27, 1965, is barred by the statute of limitations. In calculating the tax due for the balance of 1965, realizing that appellant's income year covers a matter of approximately four months for which one-fourth of which the tax is barred, we shall use three-fourths of the gross receipts for the year 1965 in the tax calculation.

In our calculations of taxes due, we have used round figures only and have eliminated the cents. For the year 1965 the total receipts for the three activities referred to above—the ticket booth, theater and speedway—the gross receipts were $138,208. Our conclusion that 75 percent of this should be taxable results in a taxable sum of $103,656. For 1966 the gross receipts for the three activities were $166,040; 1967, $158,880; 1968, $56,514. The total taxable receipts for the four years is $485,090. Using this base at three percent, the tax due to the school district amounts to $14,553, and the tax on the same amount at two percent to the township amounts to $9,702.

We assessed taxes against Williams Grove, Inc., for only three-fourths of the gross receipts of 1965 and shall, therefore, credit them with three-fourths of the tax paid during 1965. In this year, the school district was paid $2,223 and we shall, therefore, give them a credit on the taxes due for this year of $1,667. Full credit is given to Williams Grove, Inc., for the taxes paid to the school district as follows: 1966, $4,017; 1967, $3,432; 1968, $639. The total credit allowable to Williams Grove, Inc., for taxes paid to the school district is $9,755, leaving a tax balance due of $4,798.

Giving appellant credit for three-fourths of the tax paid to the township during 1965 when $1,407 was paid, results in a credit of $1,055. Appellant is also entitled to credit for taxes paid as follows: 1966, $2,678; 1967, $2,288; 1968, $426, or a total credit of $6,447, leaving a balance due to the township of $3,255.

## ORDER OF COURT
## IN RE: SCHOOL DISTRICT

And now, August 7, 1972, in conformity to the foregoing opinion, we find that appellant owes to the school district taxes in the amount of $4,798.

## ORDER OF COURT
## IN RE: TOWNSHIP

And now, August 7, 1972, in conformity to the foregoing opinion, we find that appellant owes to the township taxes in the amount of $3,255.